ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR 7 2008
U.S. COURT OF FEDERAL CLAIMS

BURNS & McDONNELL ENGINEERING COMPANY, INC.,

Plaintiff,

vs.

UNITED STATES ARMY CORPS OF ENGINEERS,

Defendant.

Case No. 08-75C

## COMPLAINT

COMES NOW Plaintiff Burns & McDonnell Engineering Company, Inc. ("Burns & McDonnell"), by and through undersigned counsel, and for its Complaint against the United States Army Corps of Engineers ("COE"), Burns & McDonnell states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Burns & McDonnell is a Missouri corporation in good standing, with its principal place of business located at 9400 Ward Parkway, Kansas City, Missouri.

2. Defendant United States Army Corps of Engineers ("COE") is an agency of the United States. The Central Office for the Omaha District of the COE is located at 106 South 15th Street, Omaha, Nebraska 68102-1618. Pursuant to Fed. R. Civ. P. 4(i), the COE may be served with legal process sent to (1) the civil process clerk of the United States Attorney for the District of Nebraska, (2) the Attorney General of the United States and (3) the U.S. Army Corps of Engineers.

3. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1491.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(3) in that this is a judicial district in which defendant is subject to personal jurisdiction at the time this action is commenced.

## GENERAL ALLEGATIONS

5. On or about January 16, 2002, Burns & McDonnell entered into Contract DACA 45-02-D-0002, Delivery Order 0003 with the U.S. Army, Corps. of Engineers Omaha District (hereinafter "COE") for land surveying services which included topographic mapping of the fish hatchery site located at Ft. Peck, Montana (hereinafter "COE Agreement"). The fish hatchery site located at Ft. Peck, Montana is hereinafter referred to as the "Project" or "Site."

6. On or about January 28, 2002, Burns & McDonnell entered into an Agreement with Anderson, a copy of the Agreement is attached hereto as Exhibit A and incorporated herein in full by reference. (hereinafter referred to as "Agreement"). By the terms of the Agreement, Anderson agreed to provide consulting and land surveying services which entailed providing a topographic survey and utility location at the Project. As provided for in the Agreement, these services were to be provided by Anderson as required in connection with the COE Agreement. The scope of work to be provided by Anderson, included but was not limited to the following: (1) Establish ground (vertical and horizontal) controls of the project areas at the Site; (2) locate above and below ground utilities at the Site; (3) create a topographic database of the site, and provide a digital terrain model (DTM); and (4) create MicroStation design files of the topographic maps.

7. Anderson provided the land surveying services at the Project in approximately 2002.

8. In approximately the Spring of 2004, the COE asserted a claim against Burns & McDonnell arising out of the land surveying services performed by Anderson at the Project. The COE was claiming alleged extra costs incurred or to be incurred by the COE under Modification R00016 ("Modification") to the Construction Contract DACW45-03-C-0015. The COE claimed that the Modification was directly related to an error in the survey provided by Burns & McDonnell's sub consultant, Anderson. As a result of Anderson's surveying error, the Modification was issued which provided for among other items, an additional approximately 60,000 cubic yards of additional cut and fill material, modifications to rearing pond chimneys and the performance of an additional site survey (hereinafter "claim").

9. Subsequently, Burns & McDonnell participated with the COE in the investigation and the remediation efforts to correct Anderson's surveying error. Pursuant to a Settlement Agreement dated April 13, 2005, Burns & McDonnell paid sums requested by the COE relating to the claim in the amount of $553,437.00.

10. Prior to the settlement between Burns & McDonnell and the COE, Anderson asserted that the COE had knowledge of the existence of the above-referenced survey error ("early discovery") which, if raised, would have allegedly reduced the costs incurred in resolving the survey errors.

11. Under the Settlement Agreement, Burns & McDonnell reserved the right to assert a claim for refund of amounts paid by Burns & McDonnell to the COE which

allegedly could have been avoided by the COE through discovery of the surveying error at an earlier time.

**COUNT I – DECLARATORY JUDGMENT**

12. Burns & McDonnell adopts, realleges and reincorporates herein by reference all allegations contained in paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13. As noted above, Anderson has raised an issue regarding early discovery which, if proven, will require the COE to refund amounts paid by Burns & McDonnell to the COE, pursuant to the terms of the Settlement Agreement.

14. In the event Anderson is able to prove that there is an issue of early discovery, the COE would be responsible to refund amounts previously paid by Burns & McDonnell to COE.

15. There exists an actual, justiciable and imminent controversy between Burns & McDonnell and the COE concerning the obligations of the COE to Burns & McDonnell under the Settlement Agreement.

16. Burns & McDonnell seeks judicial determination that to the extent Anderson is able to prove an early discovery issue, that the COE is liable to Burns & McDonnell for a return of amounts paid by Burns & McDonnell that could have been avoided by the COE by discovering the error in the survey at an earlier date.

17. Burns & McDonnell seeks judgment of this Court ordering the COE to pay to Burns & McDonnell all amounts determined to be owed by the COE as a result of any early discovery issue.

WHEREFORE, Burns & McDonnell seeks judgment in its favor and against the United States Army Corps of Engineers on Count I of its Complaint in the amount of $553,437.00, plus interest, its costs incurred herein and for such other relief as the Court deems just and proper.

## COUNT II – SPECIFIC PERFORMANCE

18. Burns & McDonnell adopts, realleges and reincorporates herein by reference all allegations contained in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Paragraph 3 of the Settlement Agreement provides in part that "the parties shall agree to mediate the dispute * * * . Despite this provision in the Settlement Agreement, the COE, to date, has failed and refused to participate in a mediation of the dispute.

20. Burns & McDonnell requests that this Court issue an order compelling the COE to comply with its contractual obligations under the terms of the Settlement Agreement and agree to mediate the parties' dispute forthwith with both Burns & McDonnell and Anderson.

WHEREFORE, Burns & McDonnell requests an order of this Court compelling the COE to comply with its contractual obligations and to mediate the instant dispute and for such other and further relief as the Court deems just and proper.

Dated this ___ day of March, 2008.

Respectfully submitted,

LATHROP & GAGE L.C.

By: Jerome V. Bales
Jerome V. Bales Mo. Bar #37330
Kenton E. Snow Mo. Bar #40698
2345 Grand Blvd., Suite 2800
Kansas City, MO 64108-2684
Tel.: (816) 292-2000/Fax: (816) 292-2001

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been sent via U.S. Mail, first class postage prepaid, the 6th day of March, 2008, addressed as follows:

Dawn E. Goodman
Trial Attorney
Civil Division
U.S. Department of Justice
Washington, D.C. 20530
ATTORNEY FOR DEFENDANT

Jerome V. Bales
Attorney for Plaintiff