# IN THE UNITED STATES DISTRICT COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BURNS & McDONNELL ENGINEERING COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 08-75C |
| UNITED STATES ARMY CORPS OF ENGINEERS, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO COMPEL MEDIATION AND BRIEF IN SUPPORT

COMES NOW Plaintiff Burns & McDonnell Engineering Company, Inc. (hereinafter "B&M") and for its Motion to Compel mediation in the above-captioned cause, states and alleges as follows:

## MOTION TO COMPEL MEDIATION

1. On December 27, 2005 Burns & McDonnell filed suit in the U.S. District Court for the District of Montana ("Montana Action") against William H. Anderson, d/b/a Anderson Engineering ("Anderson"). An amended Complaint was filed on or about May 2, 2007, which added the United States Army Corps of Engineers ("COE"). On or about November 21, 2007, the U.S. District Court Judge in Montana issued an order transferring the claims against the COE to this Court and Burns & McDonnell filed a complaint against the COE in this Court on March 6, 2008.

2. This action involves issues involving a survey error at the Fort Peck Fish Hatchery Project in Fort Peck, Montana.

3. In the Montana Action, B&M asserted claims against Anderson as a result of a survey error committed by Anderson on the Fort Peck Fish Hatchery Project. Anderson has defended the case, in part, by asserting that the COE should have known about the survey error at an earlier point ("early discovery"), and thus reduced the costs associated with the error.

4. On or about April 13, 2005, B&M entered into a Settlement Agreement with the COE under which it paid approximately $553,000 to the COE to resolve claims related to the survey error. Under the terms of the Settlement Agreement, B&M reserved the right to assert a claim for a refund of amounts paid to the COE to the extent it was determined that the COE knew, or should have known, that the survey error existed at an earlier time such that the damages that resulted from the error would have been substantially mitigated.

5. Under the terms of the settlement agreement, the COE is required to mediate the dispute before a single mediator. <u>See</u> Settlement Agreement, pg. 3, a copy of which is attached hereto as Exhibit "A" and incorporated by reference herein. In addition, the Settlement Agreement provides that Anderson may be included in the mediation upon agreement by the COE.

6. To date, the COE has failed and refused to participate in mediation with B&M. Further, the COE has unreasonably withheld its consent to allow Anderson to participate in a mediation.

7. There is no question that the COE has contractually agreed to participate in mediation.

8. Anderson has agreed to participate in mediation.

9. Plaintiff believes it would be in all of the parties' best interests to attempt to reach a resolution of this case and believes that a mediation involving Plaintiff, Anderson and the COE would be the appropriate forum to resolve all issues pending between the parties, including those pending before this Court.

10. As a result of the above, Plaintiff B&M moves the Court for an order compelling the COE to attend a mediation with Plaintiff and Anderson at a date no later than 60 days from the date of the Court's order granting the instant motion.

WHEREFORE, Plaintiff B&M moves the Court for an Order compelling defendant COE to participate in mediation and for such other and further relief as this Court may deem just and proper.

**BRIEF IN SUPPORT**

As the Court is well aware, mediation has become a process favored by the courts in an effort to resolve disputes pending between litigants. As noted above, B&M believes that it is in everyone's interest if the COE participates in mediation so that a global settlement can possibly be achieved. Further, despite the fact that the COE contractually agreed to participate in mediation, it has failed and refused to do so.

As a result of the above, Plaintiff B&M respectfully requests that this Court issue an Order compelling defendant COE to participate in a mediation with Burns & McDonnell and Anderson to be scheduled within sixty (60) days from the date the Court grants the instant motion.

WHEREFORE, Plaintiff Burns & McDonnell Engineering Company, Inc., moves the Court for an Order compelling defendant United States Army Corps of Engineers to participate

in the mediation process and for such other and further relief as this Court may deem just and proper.

Dated this 13th day of March, 2008.

Respectfully submitted,

LATHROP & GAGE L.C.

/s/ Jerome V. Bales__________________

Jerome V. Bales Mo. Bar #37330
Kenton E. Snow Mo. Bar #40698
2345 Grand Blvd., Suite 2800
Kansas City, MO 64108-2684
Tel.: (816) 292-2000 / Fax: (816) 292-2001

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Dawn E. Goodman
Trial Attorney
Civil Division
U.S. Department of Justice
Washington, D.C. 20530
ATTORNEY FOR DEFENDANT

/s/ Jerome V. Bales___________________
Attorney for Plaintiff