IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BURNS & McDONNELL<br>ENGINEERING COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 08-75C<br>(Senior Judge Bruggink) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL MEDIATION

Defendant, the United States, respectfully responds to plaintiff's motion to compel mediation pursuant to Rule 7 of the Rules of the United States Court of Federal Claims ("RCFC").

Plaintiff, Burns & McDonnell Engineering Company, Inc. ("Burns"), seeks an order from this Court directing the United States to attend a mediation with Burns and Anderson Consulting Engineers ("Anderson"). In actuality, Burns's motion is nothing more than a premature attempt to recover the identical relief sought in Count II of its complaint without affording the Government the 60-day period provided by RCFC 12(a)(1) for responding to a complaint. Because this Court lacks jurisdiction to award the specific performance sought in both the motion to compel and Count II of the complaint, the Court should deny Burns's motion.[1]

## STATEMENT OF THE CASE

On January 16, 2002, Burns and the United States Army Corps of Engineers ("COE") entered into a contract for land surveying services of the fish hatchery site located at Ft. Peck,

[1] The Government intends to file a motion to dismiss within the time period provided by RCFC 12(a)(1).

Montana. Addendum at 1.[2] Burns subcontracted some of the surveying duties to Anderson. Id. Anderson committed surveying errors that caused the COE to suffer $553,437.00 in damages. Id. at 2. To resolve the COE's claims related to the surveying error, Burns and the COE executed a settlement agreement by which Burns paid the COE $553,437.00. Id. In executing the agreement, Burns maintained that there may be evidence "validating its position that the COE knew or should have known that the survey error existed at an earlier time such that the damages that resulted from the error would have been substantially mitigated." Id. at 3 ¶ 3. Therefore, the settlement agreement delineates a number of steps which Burns must take in the event it discovers such evidence. Specifically, the agreement states that the process shall consist of:

> (a) the Burns Business Manager shall raise the issue with the COE Project Manager; if they are unable to agree on a resolution of the issue, it shall be raised (b) to the District Engineer and CEO of Burns for discussion; if the issue is not settled at that level (c) the parties shall agree to mediate the dispute before a single mediator mutually selected by the COE and Burns with the mediation session to be held in Omaha, Nebraska.

Id. The agreement further provides that "Anderson may be included in the mediation upon agreement by the COE." Id.

On December 27, 2005, Burns filed suit against Anderson in the United States District Court for the District of Montana seeking to recover the damages it incurred in connection with the surveying error, including the monies it paid to the COE. On April 11, 2007, Burns filed a motion to supplement the complaint to add the COE as a party. Burns simultaneously filed a

[2] Although Burns's motion states that the settlement agreement at issue is attached as Exhibit A to the motion to compel and incorporated by reference thereto, there are no exhibits attached to the motion. Accordingly, we hereby attach the settlement agreement as an addendum to this response.

motion to compel the COE to mediate that case. The motion to compel was identical to the motion filed in this case. The district judge denied the motion without prejudice for renewal if appropriate following service of process upon and appearance by the COE. On May 2, 2007, Burns filed its amended complaint to include claims against the COE for declaratory judgment and specific performance. It renewed its motion to compel on September 26, 2007. A week later, the Government filed a motion to dismiss the complaint for lack of jurisdiction. Rather than addressing the merits of the motion, Burns's response asked the district court to transfer the case to this Court rather than grant the motion to dismiss. The Government conceded to the transfer, but expressly noted that it did not waive any defenses or make any representations as to the propriety of jurisdiction and venue in this Court. Accordingly, the claims against the United States were transferred from the District of Montana to this Court. The district judge did not reach the merits of the motion to dismiss or the motion to compel.

The case was transferred to this Court on February 5, 2008, and Burns filed its complaint on March 7, 2008. On March 24, 2008, before the United States had an opportunity to respond to the complaint, Burns filed its motion to compel mediation. Citing paragraph 3 of the settlement agreement, the motion asks the Court to order the COE to mediate the case with Burns and Anderson.

## ARGUMENT

This Court should deny Burns's motion to compel mediation, which mirrors Count II of Burns's complaint, because the Court lacks jurisdiction to entertain a claim for specific performance. It is well-established that this Court is one of limited jurisdiction. Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1365-66 (Fed. Cir. 2002). Absent congressional

consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). Congressional consent to suit in this Court, thereby waiving the Government's traditional immunity, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Yancheng Baolong Biochemical Prods. Co. v. United States, 406 F.3d 1377, 1382 (Fed. Cir. 2005). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969).

"[This] Court cannot entertain claims for injunctive relief or specific performance except in narrowly defined, statutorily provided circumstances not here pertinent." Kanemoto v. Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994) (citing 28 U.S.C. § 1492(a)(2) (vesting Court with injunctive power in pre-award bid protest cases)); see also Massie v. United States, 226 F.3d 1318, 1321 (reversing Court of Federal Claims award of equitable remedy). With the exception of such specific statutory waivers of sovereign immunity, this Court's Tucker Act jurisdiction is expressly limited to claims for monetary relief. King, 395 U.S. at 4 ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'"); First Hartford Corp. V. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999) (but for the carve out in 28 U.S.C. § 1491(b)(2), the United States Court of Federal Claims "cannot grant nonmonetary equitable relief such as an injunction or declaratory judgment, or specific performance"); Ruttenberg v. United States, 65 Fed. Cl. 43, 50 (2005); Spectrum Leasing Corp. v. United States, 764 F.2d 891, 893 n.2 (D.C. Cir. 1985) ("[The Tucker Act] is intended to foreclose specific performance of government contracts."). "Thus, because the range of relief available in the Court of Federal Claims is limited, the waiver of sovereign immunity provided under the Tucker

Act will not always provide an adequate remedy in a suit against the United States." Kanemoto, 41 F.3d at 645 (Fed. Cir. 1994).

In this case, both Burns's motion to compel and Count II of its complaint seeks specific performance of a government contract. Citing paragraph 3 of the settlement agreement, Burns asks the Court to order the COE to participate in mediation with Burns and Anderson. It is well-established that Congress has not waived sovereign immunity for this purpose. E.g., King, 395 U.S. at 4. Regardless of the vehicle by which Burns seeks specific performance, by complaint or motion, this Court lacks jurisdiction to entertain the claim. Accordingly, this Court should deny Burns's motion.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Burns's motion to compel mediation.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

March 31, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 31st day of March, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL MEDIATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN