## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BURNS & McDONNELL ENGINEERING COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-75C (Senior Judge Bruggink) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO COURT'S PROPOSED REMAND ORDER

In accordance with this Court's April 10, 2008 order instructing the parties to respond to the Court's proposed order to remand this case to the agency pursuant to its authority under 28 U.S.C. § 1491(a)(2), the United States files this response respectfully opposing the Court's proposed remand order. The Government instead respectfully requests that the Court deny plaintiff's motion to compel and grant the Government's motion to dismiss, or in the alternative, motion for summary judgment, filed today.

## BACKGROUND

For purposes of this brief, the Government adopts the Statement of Facts set forth in its response to the plaintiff's motion to compel filed on March 31, 2008.[1]

On March 24, 2008, before the United States had an opportunity to respond to the complaint,[2] plaintiff, Burns & McDonnell Engineering Company, Inc. ("Burns"), filed a motion to compel mediation. Citing paragraph 3 of the settlement agreement, the motion asks the Court to

---

[1] Pursuant to Rule 5.3(b)(3) of this Court, the Government's 14-page response to plaintiff's motion to compel (including the 7-page appendix) is attached as an appendix to this brief.

[2] The Government's answer is due on May 8, 2008.

order the United States Army Corps of Engineers ("COE") to mediate the case with Burns and Anderson Consulting Engineers ("Anderson"). The Government responded on March 31, 2008. The Government's response opposed the motion, arguing that the motion to compel was nothing more than an attempt by Burns to request the same remedy sought in Count II of its complaint, specific performance. We maintained that the Court lacks jurisdiction to order specific performance, namely mediation, regardless of whether Burns requests such relief through its complaint or by motion.

The Court held a telephonic status conference to discuss the motion to compel on April 9, 2008. At the conference, the Court asked the Government whether the case could be mediated at this time. The Government represented that in light of the pending litigation, the agency was not mediating the matter. Accordingly, the Court proposed that it remand the case to the agency for mediation pursuant to its authority in 28 U.S.C. § 1491(a)(2). Section 1491(a)(2) states, in relevant part, "[i]n any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." The Court asked the parties to respond to its proposed remand order.

## ARGUMENT

### I. Remand Is Not Appropriate In This Case Because Burns Has Not Established That It Is Entitled To Mediation

This Court should not remand this case to the agency for mediation because Burns has failed to establish, in both its motion to compel and its complaint, that it is entitled to mediation. As set forth in the Government's motion to dismiss, paragraph 3 of the settlement agreement

contains a list of conditions which Burns must follow before pursuing mediation and filing a court action. Specifically, the agreement states that in the event Burns discovers information which it believes proves that the COE could have mitigated its damages:

> (a) the Burns Business Manager shall raise the issue with the COE Project Manager; if they are unable to agree on a resolution of the issue, it shall be raised (b) to the District Engineer and CEO of Burns for discussion; if the issue is not settled at that level (c) the parties shall agree to mediate the dispute before a single mediator mutually selected by the COE and Burns with the mediation session to be held in Omaha, Nebraska.

The agreement further provides that "Anderson may be included in the mediation upon agreement by the COE."

Neither the complaint nor the motion to compel indicate that the Burns Business Manager, or anyone at Burns, raised the issue with the COE's Project Manager. In fact, no one at Burns raised the issue with Ted Streckfuss, the COE's Project Manager. A16, ¶ 5.[3] They do not even allege that Burns has evidence which may tend to prove that the COE could have mitigated its damages. Rather, Burns repeatedly maintains, in its filings and during the status conference, that Anderson has raised this issue. Compl. ¶¶ 13, 14, 16; Plaintiff's Motion to Compel, ¶ 3. Anderson is not a party to this lawsuit, nor are they in privity of contract with the Government. Additionally, pursuant to the express terms of the settlement agreement, the COE has no obligation to mediate with Anderson. Accordingly, the COE has no duty to mediate this case with Burns and/or Anderson. The COE is not required to act at this time, regardless of whether or not this lawsuit remains pending. Therefore, the Court should not remand the case to the

---

[3] "A__" refers to the appendix attached to this motion. "Compl." refers to plaintiff's Complaint filed November 7, 2007.

agency for mediation. Rather, the Government respectfully requests that the Court deny the motion to compel mediation and grant the Government's motion to dismiss.

## II. This Is Not An Appropriate Matter For Remand Under 28 U.S.C. § 1491(a)(2)

Even if the Court determines that Burns is entitled to mediation, this is not an appropriate matter for remand. Section 1491(a)(2) gives this Court the authority "to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." This provision does not give the Court of Federal Claims unlimited authority to remand. Richey v. United States, 322 F.3d 1317, 1323 (Fed. Cir. 2003). Rather, it is intended to provide the Court with a vehicle to remand an action to an agency when the Court cannot independently decide an issue because Congress has expressly provided for action by the agency. Diversified Maintenance Sys., Inc. v. United States, 74 Fed. Cl. 122, 126 (2006); see Richey, 322 F.3d at 1323. As noted by the Supreme Court, remand is appropriate "'if the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it.'" Long v. United States, 12 Cl. Ct. 174, 177 (1987) (quoting Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)); see also Knowledge Connections, Inc. v. United States, 76 Fed. Cl. 6, 21 (2007). Alternatively, remand can be used to effectuate the purpose of the Court's decision in a case without the need for the parties to go to another court to enforce a judgment. Hoopa Valley Tribe v. United States, 596 F.2d 435, 447 (Ct. Cl. 1979) ("The objective of the remand power is to provide a complete remedy. The deliberate Congressional purpose in enacting the remand statute was to make it unnecessary for the parties to go to another

court, after the Court of Claims made its decision, to obtain the rights which follow from the decision.")

It is clear from the legislative history of § 1491(a)(2), that Congress did not intend the Court to use this statute to effectuate a result which it otherwise would not have jurisdiction to accomplish. H. Rep. No. 92-1023, at 3 (1992) ("[T]he amended bill does not extend the classes of cases over which the Court of Claims has jurisdiction, and it is not intended to confer jurisdiction over any type of case not now included within its jurisdiction."); S. Rep. No. 92-1066 (1992), reprinted in 1972 U.S.C.C.A.N. 3116, 3117-18 (an amendment was agreed upon due to the Department of Justice's concern that the language of the bill would broaden the jurisdiction of the Court so that "[t]he bill does not extend the class of case over which the Court of Claims now have [sic] jurisdiction"). Instead, Congress intended this Court to use its remand power in cases where the administrative record is incomplete or additional action by an administrative board is required. H. Rep. No. 92-1023, at 3-4; S. Rep. No. 92-1066 (1992), reprinted in 1972 U.S.C.C.A.N. 3116, 3117-18. The Federal Circuit recognized this purpose when it noted that "any remand must be consistent with the statutory scheme under which the agency has taken action." Richey, 322 F.3d at 1323.

As detailed above, § 1491(a)(2) is routinely used to remand a case to an administrative body where Congress has required administrative action such as in cases involving personnel matters, decisions by administrative boards, and bid protests. Remand is intended to either ensure that a party receives the rights which flow from the Court's decision in a case or to enable the Court to obtain a complete record so that it can make a decision in a case. See Hoopa Valley, 596 F.2d 435; Knowledge Connections, 76 Fed. Cl. at 21. It is not used to require an agency to

act where, as here, neither statute, regulation, nor even the terms of the settlement agreement require the COE to act at this time and action by the agency would not further the Court's ability to rule on the issues raised in the complaint. To the contrary, as noted by the Court during the status conference, if the case were remanded for mediation and the parties reached impasse, the current complaint does not provide a basis for the Court to award monetary damages since Burns's damages are not related to any alleged breach of the settlement agreement. Burns would either have to dismiss its case or amend its complaint to allege an alternative basis for relief. Accordingly, it is clear that remand in this case does not comport with the purpose of § 1491(a)(2).

As established in the Government's motion to dismiss, the issues raised in the complaint can be addressed by the Court at this time without the need for remand. The only issue before the Court is whether the Government has breached the terms of the settlement agreement such that Burns is entitled to some type of monetary relief. Since the Court does not possess jurisdiction to award specific performance and, even if it does, Burns has failed to state a valid claim for breach of contract, the Court should dismiss this case without the need for remand.

## CONCLUSION

For these reasons, the Government respectfully opposes the Court's proposed remand order, and requests that the Court deny plaintiff's motion to compel mediation and grant the Government's motion to dismiss, or in the alternative, motion for summary judgment, filed today.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

April 25, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 25th day of April, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO COURT'S PROPOSED REMAND ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN