No. 08-75C
(Senior Judge Bruggink)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

BURNS & McDONNELL
ENGINEERING COMPANY, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARK A. MELNICK
Assistant Director

DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

April 25, 2008

Attorneys for Defendant

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . ii

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT . . . . . . . . . . 1

ISSUES PRESENTED . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . 2

I. Nature Of The Case . . . . . . . . . . 2

II. Statement Of The Facts . . . . . . . . . . 2

III. Course Of Proceedings . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . 5

I. This Court Should Dismiss Count II Of The Complaint For Lack Of Jurisdiction . . . . . . . . . . 5

A. Standard Of Review For Subject Matter Jurisdiction . . . . . . . . . . 5

B. This Court Should Dismiss Count II Of The Complaint Because It Lacks Jurisdiction To Entertain A Claim For Specific Performance . . . . . . . . . . 6

III. The Complaint Should Be Dismissed For Failure To State A Claim . . . . . . . . . . 8

A. Standard of Review for Failure To State A Claim . . . . . . . . . . 8

B. Standard of Review for Summary Judgment . . . . . . . . . . 9

C. The Complaint Fails To State A Claim Upon Which Relief Can Be Granted Because Burns Does Not Allege A Claim For Breach Of Contract . . . . . . . . . . 10

D. The Complaint Fails To State A Claim Upon Which Relief Can Be Granted Because Burns Agreed To A Specific Dispute Resolution Process In The Settlement Agreement Which It Did Not Follow Before Filing Suit . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . 13

# TABLE OF AUTHORITIES

## CASES


Alaska v. United States,
32 Fed. Cl. 689 (1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996) . . . . . . . . . . . 5

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bell Atlantic Corp. v. Twombly,
127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Briscoe v. LaHue,
663 F.2d 713 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983) . . . . . . . . . . . . . . . . . . . . . . . 5

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Doe v. United States,
513 F.3d 1348 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

First Hartford Corp. Pension Plan & Trust v. United States,
194 F.3d 1279 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Godwin v. United States,
338 F.3d 1374 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hamlet v. United States,
873 F.2d 1414 (Fed Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Henke v. United States,
60 F.3d 795 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Indium Corp. of Am. v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed Cir. 1985) . . . . . . . . . . 5

Inter-Coastal Xpress, Inc. v. United States,
296 F.3d 1357 (Fed. Cir. 2002) . . . . . . . . . . 6

Kanemoto v. Reno,
41 F.3d 641 (Fed. Cir. 1994) . . . . . . . . . . 6, 7

Massie v. United States,
226 F.3d 1318 (Fed. Cir. 2000) . . . . . . . . . . 7

McAbee Constr., Inc. v. United States,
97 F.3d 1431 (Fed. Cir. 1996) . . . . . . . . . . 12

McDonnell Engineering Co. v. William H. Anderson d/b/a Anderson Engineering,
Case No. 05-cv-00122-SEH (D. Mont. filed Dec. 27, 2005) . . . . . . . . . . 4

McNutt v. Gen. Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . . . . . . 5, 6

Perez v. United States,
156 F.3d 1366 (Fed. Cir. 1998) . . . . . . . . . . 8

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . 5

Ruttenberg v. United States,
65 Fed. Cl. 43 (2005) . . . . . . . . . . 7

San Carlos Irrigation and Drainage Dist. v. United States,
111 F.3d 1557 (Fed. Cir. 1997) . . . . . . . . . . 10

San Carlos Irrigation and Drainage Dist. v. United States,
877 F.2d. 957 (Fed. Cir. 1989) . . . . . . . . . . 10

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . 6

Seal-Flex, Inc. v. Athletic Track & Court Const.,
98 F.3d 1318 (Fed. Cir. 1996) . . . . . . . . . . 9

Spectrum Leasing Corp. v. United States,
764 F.2d 891 (D.C. Cir. 1985) . . . . . . . . . . 7

Thomas v. United States,
34 Fed. Cl. 619 (1995), aff'd, 101 F.3d 714 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . 5

Todd v. United States,
386 F.3d 1091 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Westover v. United States,
71 Fed. Cl. 635 (Fed. Cl. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Yancheng Baolong Biochemical Prods. Co. v. United States,
406 F.3d 1377 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES**

28 U.S.C. § 1491(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BURNS & McDONNELL ENGINEERING COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-75C (Senior Judge Bruggink) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of this Court ("RCFC"), defendant, the United States, respectfully requests that plaintiff, Burns & McDonnell Engineering Company, Inc.'s, complaint be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Alternatively, pursuant to RCFC 56, we respectfully request that the Court grant summary judgment in favor of the United States and against plaintiff. In support of this motion, we rely upon the complaint, the following brief, and the appendix attached to this motion.[1]

**ISSUES PRESENTED**

1. Whether Count II of the complaint should be dismissed for lack of jurisdiction to entertain a claim for specific performance.

2. Whether plaintiff's complaint fails to state a claim upon which relief can be granted because plaintiff has not alleged that the Government breached the settlement agreement or that any alleged breach is the proximate cause of the damages sought.

---

[1] "A__" refers to the appendix attached to this motion. "Compl." refers to plaintiff's complaint filed November 7, 2007.

3. Whether plaintiff's complaint fails to state a claim upon which relief can be granted because plaintiff failed to comply with the terms of the agreement which require bringing the matter to dispute resolution before filing suit.

## STATEMENT OF THE CASE[2]

### I. Nature Of The Case

Plaintiff, Burns & McDonnell Engineering Company, Inc. ("Burns") has seemingly alleged a breach of contract by the United States. While the complaint does not expressly state that this is a claim for breach of contract, construed liberally, it seems that Burns alleges that the United States Army Corps of Engineers ("COE") breached the terms of a settlement agreement between the parties by failing to participate in mediation. Compl. ¶ 19.

Through its complaint, Burns seeks $553,437.00 in damages, the amount paid to the COE under the settlement agreement, because the United States could have allegedly mitigated its damages. Additionally, Burns seeks an order compelling the Government to participate in mediation. Compl. Prayers for Relief.

### II. Statement Of The Facts

On January 16, 2002, Burns and the COE entered into a contract for land surveying services of the fish hatchery site located at Ft. Peck, Montana. Compl. ¶ 5; A1.[3] Burns

---

[2] For purposes of this brief only, we assume the truth of the factual allegations contained in the complaint.

[3] The agreement is not attached to the complaint, nor does the complaint plead the substance of those portions of the settlement agreement upon which Burns relies as required by RCFC 9(h)(3). Further, although Burn's motion to compel mediation filed on March 24, 2008, indicates that it intended to attach the settlement agreement to the motion and make it part of the record, there are no exhibits attached to the motion. Accordingly, we hereby attach the settlement agreement and amendments to the settlement agreement as an addendum to this

subcontracted some of the surveying duties to Anderson Consulting Engineers ("Anderson"). Compl. ¶ 6; A1. Anderson committed surveying errors that caused the COE to suffer $553,437.00 in damages. Compl. ¶¶ 8-9; A2. To resolve the COE's claims related to the surveying error, Burns and the COE executed a settlement agreement by which Burns paid the COE $553,437.00. Compl. ¶ 9; A2, ¶ 2. When executing the agreement, Burns maintained that there may be evidence "validating its position that the COE knew or should have known that the survey error existed at an earlier time such that the damages that resulted from the error would have been substantially mitigated." A3, ¶ 3; see also Compl. ¶ 10. The parties termed this information "early discovery." Compl. ¶ 10; A2-3, ¶ 2. The settlement agreement delineates a number of steps which Burns must take in the event it seeks to raise an issue of early discovery. A3, ¶ 3. Specifically, the agreement states that the process shall consist of:

> (a) the Burns Business Manager shall raise the issue with the COE Project Manager; if they are unable to agree on a resolution of the issue, it shall be raised (b) to the District Engineer and CEO of Burns for discussion; if the issue is not settled at that level (c) the parties shall agree to mediate the dispute before a single mediator mutually selected by the COE and Burns with the mediation session to be held in Omaha, Nebraska.

Id. The agreement further provides that "Anderson may be included in the mediation upon agreement by the COE." Id. Without first following the procedures set forth in the settlement agreement, Burns filed suit alleging that Anderson has raised an issue of early discovery which

---

motion. Since it appear that Burns intended for the agreement to be part of the record and it is the subject of the complaint, the Court may consider the agreement without converting this motion to dismiss into a motion for summary judgment. If the Court considers the declaration of Ted H. Streckfuss at page 7-8 of the appendix, it should convert the motion to dismiss for failure to state a claim into a motion for summary judgment.

may entitle Burns to recover some or all of the monies it paid the COE. Compl. ¶ 13; A2; A10-11.

## III. Course Of Proceedings

On December 27, 2005, Burns filed suit against Anderson in the United States District Court for the District of Montana seeking to recover the damages it incurred in connection with the surveying error, including the monies it paid to the COE. McDonnell Engineering Co. v. William H. Anderson d/b/a Anderson Engineering, Case No. 05-cv-00122-SEH, United States District Court for the District of Montana. On April 11, 2007, Burns filed a motion to supplement the complaint to add the COE as a party. Id., Docket Entry 63. On May 2, 2007, with leave of court, Burns filed its amended complaint to include claims against the COE for declaratory judgment and specific performance. Id., Docket Entry 67. Burns did not raise an issue of early discovery with the COE Project Manager before adding the COE to the lawsuit. A11, ¶ 5. On November 21, 2007, the claims against the United States were transferred from the District of Montana to this Court. Burns, Case No. 05-cv-00122-SEH (D. Mont. filed Dec. 27, 2005), Docket Entry 98.

Burns re-filed its complaint in this Court on March 7, 2008. The complaint is identical to the complaint filed in district court except that Count I's Prayer for Relief now seeks monetary relief instead of declaratory judgment.[4]

[4] Since Burns changed Count I's Prayer for Relief before filing it in this Court without otherwise amending Count I's title or contents, it is not exactly clear what Count I is alleging. Nevertheless, as stated herein, it is clear that Count I fails to state a claim and should therefore be dismissed.

## ARGUMENT

### I. This Court Should Dismiss Count II Of The Complaint For Lack Of Jurisdiction

#### A. Standard Of Review For Subject Matter Jurisdiction

Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or upon appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). Once jurisdiction is challenged by the Court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996). "In ruling on a motion to dismiss for lack of jurisdiction, the court is not confined to an examination of the complaint, but may take into account 'evidentiary matters outside the pleadings.'" Thomas v. United States, 34 Fed. Cl. 619, 621 (1995) (quoting Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed Cir. 1985)), aff'd, 101 F.3d 714 (Fed. Cir. 1996) (table).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Nonetheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983).

When deciding a motion to dismiss based upon either lack of subject matter jurisdiction or failure to state a claim, this Court must assume that all undisputed facts alleged in the

complaint are true and must draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Hamlet v. United States, 873 F.2d 1414, 1416 (Fed Cir. 1989). If a defendant challenges the jurisdiction of the Court, however, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. McNutt, 298 U.S. at 189.

B. This Court Should Dismiss Count II Of The Complaint Because It Lacks Jurisdiction To Entertain A Claim For Specific Performance

This Court should dismiss Count II of Burns's complaint because the Court lacks jurisdiction to entertain a claim for specific performance. It is well-established that this Court is one of limited jurisdiction. Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1365-66 (Fed. Cir. 2002). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). Congressional consent to suit in this Court, thereby waiving the Government's traditional immunity, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Yancheng Baolong Biochemical Prods. Co. v. United States, 406 F.3d 1377, 1382 (Fed. Cir. 2005). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969).

As stated in the Government's response to Burns's premature motion to compel mediation, "[this] [C]ourt cannot entertain claims for injunctive relief or specific performance except in narrowly defined, statutorily provided circumstances not here pertinent." Kanemoto v.

Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994); see also Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) (reversing Court of Federal Claims award of equitable remedy). With the exception of such specific statutory waivers of sovereign immunity, this Court's Tucker Act jurisdiction is expressly limited to claims for monetary relief. King, 395 U.S. at 4 ("cases seeking relief other than money damages from the Court of Claims have never been 'within its jurisdiction'"); First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999) (but for narrowly defined circumstances, e.g. 28 U.S.C. §1491(b)(2), the United States Court of Federal Claims "cannot grant nonmonetary equitable relief such as an injunction or declaratory judgment, or specific performance" (internal citations omitted)); Ruttenberg v. United States, 65 Fed. Cl. 43, 50 (2005) ("With the exception of certain and strictly limited exceptions set forth in 28 U.S.C. § 1491(b)(2), which are inapplicable here, this Court is not vested with the authority to order equitable relief such as specific performance."); Spectrum Leasing Corp. v. United States, 764 F.2d 891, 893 n.2 (D.C. Cir. 1985) ("[The Tucker Act] is intended to foreclose specific performance of government contracts."). "Thus, because the range of relief available in the Court of Federal Claims is limited, the waiver of sovereign immunity provided under the Tucker Act will not always provide an adequate remedy in a suit against the United States." Kanemoto, 41 F.3d at 645 (Fed. Cir. 1994).

In this case, Count II of the complaint seeks specific performance of a government contract. Citing paragraph 3 of the settlement agreement, Burns asks the Court to order the COE to participate in mediation with Burns and Anderson. Compl. ¶ 19. It is well-established that Congress has not waived sovereign immunity for this purpose. E.g., King, 395 U.S. at 4. Further, even if the Court could order mediation with Burns, which it cannot, Anderson is not a

party to this lawsuit and is not in privity of contract with the Government. Even more importantly, the settlement agreement specifically states that Anderson may be included in mediation only with COE's express consent. Accordingly, Count II of the complaint should be dismissed because this Court lacks jurisdiction to entertain a claim for specific performance and to order the Government to participate in mediation with Burns and Anderson.

## III. The Complaint Should Be Dismissed For Failure To State A Claim

### A. Standard of Review for Failure To State A Claim

A motion to dismiss pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when the plaintiff's alleged facts do not entitle it to a remedy. Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003); Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), courts routinely followed the rule set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965. As under Conley, a complaint must still be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Id. at 1964-65.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Id. at 1964-65 (internal citations omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge the[] claims across the line from conceivable to plausible." Id. at 1974.

B. Standard of Review for Summary Judgment

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-51 (1986). The moving party bears the initial burden of establishing the absence of any disputes of material fact. Seal-Flex, Inc. v. Athletic Track & Court Const., 98 F.3d 1318, 1321 (Fed. Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When the movant has met its initial burden, the non-movant must respond with sufficient evidence to show that there is a material factual dispute and that, on the non-movant's evidence, the movant is not entitled to judgment as a matter of law." Id. Alternatively, if the moving party can show that there is an absence of evidence to support the non-moving party's case, then the burden shifts to the non-moving party to proffer such evidence. Celotex, 477 U.S. at 325. The Supreme Court has emphasized that the "[s]ummary judgment procedure is not properly regarded as a disfavored procedural shortcut but, rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex, 477 U.S. at 327 (internal citations omitted).

C. The Complaint Fails To State A Claim Upon Which Relief Can Be Granted Because Burns Does Not Allege A Claim For Breach Of Contract

Even if the Court determines that it has jurisdiction to entertain Count II, both Counts I and II of the complaint should be dismissed for failure to state a claim because the complaint does not allege a claim for breach of contract.

Pursuant to RCFC 8(a), a pleading which sets forth a claim must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." To recover for breach of contract, Burns must allege and establish the following: "'(1) a valid contract between the parties; (2) an obligation or duty arising out of that contract; (3) a breach of that duty; and (4) damages caused by the breach.'" Westover v. United States, 71 Fed. Cl. 635, 640 (Fed. Cl. 2006) (quoting San Carlos Irrigation and Drainage Dist. v. United States, 877 F.2d. 957, 959 (Fed. Cir. 1989)). Specifically, Burns must allege that "but for" the Government's alleged breach, it would not have suffered its claimed damages. See San Carlos Irrigation and Drainage Dist. v. United States, 111 F.3d 1557, 1563 (Fed. Cir. 1997).

The complaint details why Burns and the COE originally entered into a settlement agreement and discusses the existence of the agreement. However, it fails to state what obligation the Government has pursuant to the agreement or how it has allegedly breached any such duty. The complaint solely alleges that Anderson has raised an issue of "early discovery" which, if proven, may require the CEO to refund amounts paid by Burns under the settlement agreement. Compl. ¶¶13-14. These facts do not state a viable claim for relief as they do not

allege the elements necessary for a breach of contract or any other claim against the United States.[5]

Further, Burns fails to state how any alleged breach is the proximate cause of the damages sought. Liberally construing the language of the complaint, it seems that Burns is attempting to allege that it is entitled to relief because the Government somehow breached the terms of the settlement agreement. The complaint does not state how any such breach has caused Burns to suffer damages. Rather, the complaint states that the early discovery issue, if proven, may entitle it to relief. This allegation does not satisfy Burns's burden to plead that "but for" a breach of the settlement agreement, it would not have suffered the alleged damages. The damages it seeks relate to what the COE may have known about the surveying error before it entered into the settlement agreement with Burns, not to any alleged breach of the settlement agreement. Accordingly, the Court should dismiss the complaint for failure to state a claim.

D. The Complaint Fails To State A Claim Upon Which Relief Can Be Granted Because Burns Agreed To A Specific Dispute Resolution Process In The Settlement Agreement Which It Did Not Follow Before Filing Suit

Even if the Court determines that it has jurisdiction to entertain Count II and that Burns has stated a viable claim for breach of contract, both Counts I and II of the complaint should be dismissed for failure to state a claim because the complaint does not allege that Burns complied

---

[5] The only paragraph of the complaint which, in any way, attempts to allege a breach is paragraph 19, contained in Count II of the complaint. Paragraph 19 alleges that the COE has failed and refused to participate in mediation under the terms of the agreement. Since this Court lacks jurisdiction to entertain Count II, it should not consider the statements made in paragraph 19 in determining whether the complaint states a claim for relief. Regardless, even if the Court considers the contents of paragraph 19, the complaint should still be dismissed for failure to state a claim because, as discussed below, Burns has not alleged that it complied with the specific dispute resolution procedures set forth in the settlement agreement.

with the dispute resolution procedures set forth in the agreement before filing suit. Alternatively, because Burns did not actually comply with the terms of the agreement before filing suit, summary judgment should be entered in favor of the United States and against Burns.

If a contract provides for its own dispute resolution procedure, then this Court may not grant a plaintiff relief for breach of contract. See Doe v. United States, 513 F.3d 1348, 1355 (Fed. Cir. 2008) ("any rights granted to SSA employees by the Agreement that are subject to the grievance procedure are not rights that an employee can enforce by suit in the Court of Federal Claims.") (citation omitted); Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("The [collective bargaining agreement ("CBA")] includes its own enforcement provisions. . . . appellants, in essence, seek to gain the benefit of the CBA, and at the same time, to circumvent the exclusive grievance procedures of the contract."). The Court "must interpret the contract in a manner that gives meaning to all its provisions and makes sense. . . . Thus, if the 'provisions are clear and unambiguous, they must be given their plain and ordinary meaning.'" McAbee Constr., Inc. v. United States, 97 F.3d 1431, 1435 (Fed. Cir. 1996) (citations omitted).

The settlement agreement specifically states that if Burns "discovers information that, in its opinion, validates its position that the COE knew or should have known that the survey error existed at an earlier time such that the damages that resulted from the error would have been substantially mitigated, it shall bring the matter to Dispute Resolution." A3, ¶ 3 (emphasis added). By using the word "shall," the settlement agreement sets out the exclusive manner by which Burns may raise an issue of "early discovery." Pursuant to the settlement agreement, the "Dispute Resolution" procedure requires the Burns Business Manager to raise the issue with the COE Project Manager. If they reach impasse, the issue is then raised to the COE's District

Engineer and Burns's CEO. If the matter remains unsettled, the parties shall then mediate the dispute. Only after Burns completes each of these steps does the agreement allow Burns to file suit.

The complaint fails to allege that Burns complied with the conditions set forth in the settlement agreement before filing this case. In fact, it does not even allege that Burns raised an issue of early discovery. Rather, it repeatedly states that Anderson has raised an issue of early discovery which, if proven, may require the COE to refund money to Burns. Compl. ¶¶ 13-14. The terms of the agreement are clear and unambiguous. Burns must comply with the specific conditions set forth in the settlement agreement before filing suit against the Government. Burns has not alleged that it complied with these terms, nor has it actually done so. Burns did not contact COE's Project Manager before filing suit. A11, ¶ 5. Since Burns has failed satisfy the conditions in the agreement, this Court cannot award the relief Burns seeks and its complaint should be dismissed. Alternatively, the Court should enter judgment in favor of the United States and against Burns.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss Count II of the complaint for lack of jurisdiction and Count I for failure to state a claim or enter judgment on Count I in favor of the United States and against Burns. Alternatively, we request that the court dismiss the entire complaint for failure to state a claim or enter judgment on all counts in favor of the United States and against Burns.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

April 25, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 25th day of April, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN