# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BURNS & McDONNELL ENGINEERING COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-75C |
| | ) | (Senior Judge Bruggink) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## INDEX TO APPENDIX


Document — Page

Settlement Agreement And Release, dated April 13, 2005 . . . . . . . . . . . . . . . .A1

Settlement Agreement Amendment Number 1, dated January 27, 2006 . . . . .A7

Settlement Agreement Amendment Number 2, dated June 16, 2006 . . . . . . . .A8

Settlement Agreement Amendment Number 3, dated January 8, 2007 . . . . . .A9

Declaration of Ted H. Streckfuss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .A10

# SETTLEMENT AGREEMENT AND RELEASE

This Agreement is executed between the U. S. Army, Corps of Engineers, Omaha District (hereinafter "COE") and Burns & McDonnell Engineering Company, Inc (hereinafter "Burns") pursuant to Contract DACA 45-02-D-0002, Delivery Order 0003, dated January 16, 2002 entered into for topographic mapping of the fish hatchery site located at Ft. Peck, MT (hereinafter "contract").

WHEREAS, the U.S. Army Corps of Engineers ("COE") has asserted a claim against Burns arising out of land surveying services performed by Burns' subconsultant, Anderson Consulting Engineers (hereinafter "Anderson") for topographic mapping of the fish hatchery site located at Fort Peck, MT , which claim alleges extra costs incurred or to be incurred by the COE under Modification R00016 to Construction Contract DACW45-03-C-0015 (hereinafter "Claim"); and

WHEREAS, the COE and Burns desire to resolve the Claim in such a way as to permit the timely funding of the costs for the claim; and

WHEREAS, Burns and Anderson allege that Burns and Anderson may have defenses to the Claim based upon possible knowledge of COE of the survey errors

or lack of timely notice to Burns and Anderson which may have mitigated the damages to the COE; and

WHEREAS, the COE has determined the damages relative to the survey errors to be $553,437.00 and the COE and Burns have agreed to settle the Claim by a payment by Burns to the COE in that amount; and

WHEREAS, if any information or documents is discovered that would evidence knowledge by the COE as to the existence of the survey error before it was discovered in the field (alleged "early discovery" issue), Burns reserves the right to assert this defense in a future dispute resolution process to the Claim and the right to assert a claim for a refund of amounts which could have been avoided by the COE; and

NOW, THEREFORE, in consideration of the mutual promises, covenants and agreements set forth below, the sufficiency of which is hereby acknowledged, the parties agree and stipulate as follows:

1. Burns will pay to the COE $553,437.00 for the work required as a result of the claim by check sent by overnight courier within 24 hours of receipt of a signed copy of this Agreement.

2. Burns and\or Anderson shall conduct and conclude its investigation of all issues that might give rise to dispute resolution in a timely manner, but not to exceed 9 months from execution of this agreement. The COE has provided

information relative to the "early discovery" issue and will continue to provide information relative to the "early discovery" issue if and to the extent that it is discovered. COE shall use its best efforts to require the contractor, its subcontractor and construction surveyor —to cooperate and make available documents that relate to the so called "early discovery" issue.

3. Burns agrees that, in the event it discovers information that, in its opinion, validates its position that the COE knew or should have known that the survey error existed at an earlier time such that the damages that resulted from the error would have been substantially mitigated, it shall bring the matter to Dispute Resolution. Dispute Resolution shall consist of the following: (a) the Burns Business Manager shall raise the issue with the COE Project Manager; if they are unable to agree on a resolution of the issue, it shall be raised (b) to the District Engineer and CEO of Burns for discussion; if the issue is not settled at that level (c) the parties shall agree to mediate the dispute before a single mediator mutually selected by the COE and Burns with the mediation session to be held in Omaha, Nebraska. Anderson may be included in the mediation upon agreement by the COE. In the event that the dispute is not resolved through mediation, Burns may bring an action under existing and available legal authorities.

4. The COE hereby fully and unconditionally releases Burns and Anderson and their respective officers, directors, partners, agents, servants,

employees, consultants, insurers, successors, assigns and related corporations (the "Released Parties") from any and all debts, losses, damages, costs, expenses, liabilities, claims, lawsuits, proceedings and causes of action, whether direct and/or indirect that the COE may have had or may now or in the future have against the Released Parties arising out of or relating, whether directly or indirectly, to the Claim, including any and all known defects/problems with the services performed by the Released Parties under the Burns Contract.

5. This Agreement shall be binding upon, and inure to the benefit of the Parties and their permitted successors, assigns and representatives.

6. The Parties agree that this Agreement shall be governed and construed in accordance with Federal law. Terms contained herein shall not be construed against a Party merely because that Party is or was the principal drafter.

7. This Agreement represents the entire agreement between the Parties hereto relating to the Claim and the terms of this Agreement are contractual in nature. This Agreement may not be modified, interpreted, amended, waived, or revoked except by a writing signed by all Parties or their attorneys.

8. This Agreement may be executed in identical original counterparts, with each counterpart constituting the entire Agreement.

9. The COE agrees to give Burns a positive ACASS report related to the Burns Contract and to provide Burns with a positive letter of recommendation for

its services under the Burns Contract. The COE further agrees to provide reasonable assistance to Burns, including making available fact witnesses and documents for deposition and trial, in accordance with applicable Army Regulations, in Burns' efforts to assert its indemnity rights against Anderson and Anderson's insurer.

10. The Parties warrant to each other that they have the legal authority and capacity to compromise and release all claims which have been asserted or which could have been asserted in connection with the Claim. The Parties further warrant that they have the legal authority and capacity to enter into this Agreement.

11. The individuals signing this Agreement represent and warrant that they are duly authorized to enter into and execute this Agreement on behalf of the entities on whose behalf they are signing.

12. The invalidity or unenforceability of any provision in the Agreement shall in no way affect the validity or enforceability of any other provisions herein.

13. Nothing herein shall be construed or deemed as an admission of liability on behalf of Burns as to any responsibility for the Claim. Further, Burns specifically denies any wrongdoing in the performance of its services on the Project and further denies any and all liability for the Claim.

14. The recitals in the Whereas clauses set forth above are incorporated into this Agreement by reference.

IN WITNESS WHEREOF, the Parties have executed this Agreement by their duly authorized officers effective as of April 15th, 2005.

| U.S. ARMY CORPS OF ENGINEERS | BURNS & McDONNELL ENGINEERING COMPANY, INC. |
| --- | --- |
| By: [signature] | By: [signature] |
| Name Ken A. Spohn | Name: Greg M. Graves |
| Title: Contracting Officer | Title: President & CEO |

SETTLEMENT AGREEMENT
Amendment Number 1

WHEREAS, the U.S. Army Corps of Engineers, Omaha District (hereinafter "COE") and Burns and McDonnell Engineering Company, Inc. (hereinafter "Burns") entered into a settlement agreement dated April 13, 2005; and

Whereas, Paragraph 7 of that settlement agreement provides that it may be modified by a writing signed by all parties or their attorneys;

NOW Therefore, the COE and Burns do modify their settlement agreement such that Paragraph 2 now reads:

> Burns and/or Anderson shall conduct and conclude its investigation of all issues that might give rise to dispute resolution in a timely manner, but not to exceed fifteen (15) months from April 13, 2005. The COE has provided information relative to the "early discovery" issue and will continue to provide information relative to the "early discovery" issue if and to the extent that it is discovered. The COE shall use its best efforts to require the contractor, its subcontractor and construction surveyor to cooperate and make available documents that relate to the so-called "early discovery" issue.

All other terms of the settlement agreement remain unmodified.

IN WITNESS WHEREOF, the parties have executed this Amendment No. 1 to the settlement agreement by their duly authorized officers on January 27, 2006.

U.S. Army Corps of Engineers
Omaha District

[signature]
KENNETH A. SPOHN
Contracting Officer

Burns and McDonnell
Engineering Company, Inc.

[signature] MWB
GREG M. GRAVES
President & CEO

# SETTLEMENT AGREEMENT
## Amendment Number 2

WHEREAS, the U.S. Army Corps of Engineers, Omaha District (hereinafter "COE") and Burns and McDonnell Engineering Company, Inc. (hereinafter "Burns") entered into a settlement agreement dated April 13, 2005; and

WHEREAS, Paragraph 7 of that settlement agreement provides that it may be modified by a writing signed by all parties or their attorneys;

WHEREAS, the COE and Burns previously modified their settlement agreement by means of Amendment Number 1 dated January 27, 2006;

NOW, THEREFORE, the COE and Burns do hereby again modify their settlement agreement such that Paragraph 2 now reads:

> Burns and/or Anderson shall conduct and conclude its investigation of all issues that might give rise to dispute resolution in a timely manner, but no later than January 13, 2007. The COE has provided information relative to the "early discovery" issue and will continue to provide information relative to the "early discovery" issue if and to the extent that it is discovered. The COE shall use its best efforts to require the contractor, its subcontractor and construction surveyor to cooperate and make available documents that relate to the so-called "early discovery" issue.

All other terms of the settlement agreement remain unmodified.

IN WITNESS WHEREOF, the parties have executed this Amendment Number 2 to the settlement agreement by their duly authorized officers on June 16, 2006.

U.S. Army Corps of Engineers
Omaha District

[signature]

KENNETH A. SPOHN
Contracting Officer

Burns and McDonnell
Engineering Company, Inc.

[signature]

GERARD T. BUKOWSKI
Vice President & General Counsel

CC 1712350v1

**SETTLEMENT AGREEMENT**
**Amendment Number 3**

WHEREAS, the U.S. Army Corps of Engineers, Omaha District (hereinafter "COE") and Burns and McDonnell Engineering Company, Inc. (hereinafter "Burns") entered into a settlement agreement dated April 13, 2005; and

WHEREAS, Paragraph 7 of that settlement agreement provides that it may be modified by a writing signed by all parties or their attorneys;

NOW, THEREFORE, the COE and Burns do modify their settlement agreement such that Paragraph 2 now reads:

> Burns and/or Anderson shall conduct and conclude its investigation of all issues that might give rise to dispute resolution in a timely manner, but no later than July 15, 2007. The COE has provided information relative to the "early discovery" issue and will continue to provide information relative to the "early discovery" issue if and to the extent that it is discovered. The COE shall use its best efforts to require the contractor, its subcontractor and construction surveyor to cooperate and make available documents that relate to the so-called "early discovery" issue.

All other terms of the settlement agreement remain unmodified.

IN WITNESS WHEREOF, the parties have executed this Amendment Number 3 to the settlement agreement by their duly authorized officers on ~~December ___, 2006.~~ January 8 2007.

| | |
|---|---|
| U.S. Army Corps of Engineers<br>Omaha District | Burns and McDonnell<br>Engineering Company, Inc. |
| KENNETH A. SPOHN<br>Contracting Officer | GERARD T. BUKOWSKI<br>Vice President & General Counsel |

CC 1764678v1

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BURNS & McDONNELL ENGINEERING COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-75C (Senior Judge Bruggink) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DECLARATION OF TED H. STRECKFUSS

I, Ted H. Streckfuss, swear and declare under penalty of perjury as follows:

1. I am a professional engineer employed in the Engineering Division of the Omaha District of the U.S. Army Corps of Engineers, located in Omaha, Nebraska.

2. I am, and always have been, the Project Manager and Project Engineer for the Fish Hatchery and Rearing Ponds Project at Fort Peck, Montana, Construction Contract No. DACW45-03-C-0015, the project which is the subject of this lawsuit.

3. I am familiar with the settlement agreement at issue in this case concerning the land surveying services error committed by Anderson Consulting Engineers entered into between the Army Corps of Engineers ("COE") and Burns & McDonnell Engineering Company, Inc. ("Burns").

4. Paragraph 3 of the settlement agreement states, in pertinent part:

> Burns agrees that, in the event it discovers information that, in its opinion, validates its position that the COE knew or should have known that the survey error existed at an earlier time such that the damages that resulted from the error would have been substantially mitigated, it shall bring the matter to Dispute Resolution. Dispute Resolution shall consist of the following: (a) the Burns Business Manager shall raise the issue with the COE Project Manager; if they are unable to agree on a resolution of the issue, it shall be raised (b) to the District Engineer and CEO of Burns for discussion; if the issue is not settled at that level (c) the

parties shall agree to mediate the dispute before a single mediator mutually selected by the COE and Burns with the mediation session to be held in Omaha, Nebraska. Anderson may be included in the mediation upon agreement by the COE. In the event that the dispute is not resolved through mediation, Burns may bring an action under existing and available legal authorities.

5. At no time before the filing of the lawsuit against the COE by Burns in the District Court of Montana, did the Burns Business Manager, or anyone affiliated with Burns, contact me to discuss information that, in Burns's opinion, validated its position that the COE knew or should have known that the survey error existed at an earlier time such that the damages that resulted from the error would have been substantially mitigated.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and accurate. Executed on April 17, 2008.

Ted H. Streckfuss, ENV. P.E.

Ted H. Streckfuss