IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BURNS & McDONNELL ENGINEERING COMPANY, INC., Plaintiff, | ) | |
| v. | ) | No. 08-75C (Senior Judge Bruggink) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS**

Pursuant to Rule 56(h)(1) of the rules of this Court, defendant submits these proposed findings of uncontroverted facts.[1]

1. On January 16, 2002, Burns and the COE entered into a contract for land surveying services of the fish hatchery site located at Ft. Peck, Montana. Compl. ¶ 5; A1.[2]

2. Burns subcontracted some of the surveying duties to Anderson Consulting Engineers ("Anderson"). Compl. ¶ 6; A1.

3. Anderson committed surveying errors that caused the COE to suffer $553,437.00 in damages. Compl. ¶¶ 8-9; A2.

4. To resolve the COE's claims related to the surveying error, Burns and the COE executed a settlement agreement by which Burns paid the COE $553,437.00. Compl. ¶ 9; A2, ¶ 2.

5. When executing the agreement, Burns maintained that there may be evidence "validating its position that the COE knew or should have known that the survey error existed at an

---

[1] For the purposes of the motion to dismiss or, in the alternative, motion for summary judgment only, we accept as true the factual allegations as set forth in the complaint.

[2] "A__" refers to the appendix attached to our motion to dismiss or, in the alternative, motion for summary judgment . "Compl. __" refers to plaintiff's complaint filed November 7, 2007.

earlier time such that the damages that resulted from the error would have been substantially mitigated." A3, ¶ 3; see also Compl. ¶ 10. The parties termed this information "early discovery." Compl. ¶ 10; A2-3, ¶ 2.

6. The settlement agreement delineates a number of steps which Burns must take in the event it seeks to raise an issue of early discovery. A3, ¶ 3. Specifically, the agreement states that the process shall consist of:

> (a) the Burns Business Manager shall raise the issue with the COE Project Manager; if they are unable to agree on a resolution of the issue, it shall be raised (b) to the District Engineer and CEO of Burns for discussion; if the issue is not settled at that level (c) the parties shall agree to mediate the dispute before a single mediator mutually selected by the COE and Burns with the mediation session to be held in Omaha, Nebraska.

Id. The agreement further provides that "Anderson may be included in the mediation upon agreement by the COE." Id.

7. Without first following the procedures set forth in the settlement agreement, Burns filed suit alleging that Anderson has raised an issue of early discovery which may entitle Burns to recover some or all of the monies it paid the COE. Compl. ¶ 13; A2; A10-11.

8. On December 27, 2005, Burns filed suit against Anderson in the United States District Court for the District of Montana seeking to recover the damages it incurred in connection with the surveying error, including the monies it paid to the COE. Burns & McDonnell Engineering Co. v. William H. Anderson d/b/a Anderson Engineering, Case No. 05-cv-00122-SEH, United States District Court for the District of Montana.

9. On April 11, 2007, Burns filed a motion to supplement the complaint to add the COE as a party. Id., Docket Entry 63.

10. On May 2, 2007, with leave of court, Burns filed its amended complaint to include claims against the COE for declaratory judgment and specific performance. Id., Docket Entry 67.

11. On November 21, 2007, the claims against the United States were transferred from the District of Montana to this Court. Burns, Case No. 05-cv-00122-SEH (Mont.), Docket Entry 98. Burns re-filed its complaint in this Court on March 7, 2008.

12. In violation of the terms of the settlement agreement, Burns did not raise an issue of early discovery with the COE Project Manager before filing suit against the COE regarding an issue of early discovery. A11, ¶ 5.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

April 25, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 25th day of April, 2008, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN