# In the United States Court of Federal Claims

No. 08-75C
(Filed: May 9, 2008)

* * * * * * * * * * * * * * * * * * * * * * * * * *

BURNS & McDONNELL
ENGINEERING COMPANY, INC.,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant.*

* * * * * * * * * * * * * * * * * * * * * * * * * * *

ORDER

This is an action in which plaintiff, a former contractor with the United States Army Corps of Engineers, seeks a declaration of rights and an order of specific performance, both related to enforcement of a settlement agreement which contemplates mediation of disputes. Plaintiff filed a motion to compel mediation on March 24, 2008. Paragraph three of that agreement requires the parties to enter in to mediation proceedings if the plaintiff discovers information validating its position that the COE knew or should have known of surveying errors earlier in the project. Defendant responded on March 31, 2008, opposing the motion to compel. A telephonic status conference to discuss plaintiff's motion was held on April 9, 2008.

At the conference, the defendant represented that the COE was prohibited from engaging in any mediation procedures due to the filing of the present suit. Accordingly, the court proposed remanding the mediation issue to the COE pursuant to its authority under 28 U.S.C. § 1491(a)(2), which states that "[i]n any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." An order was issued on April 10, 2008, directing the parties to respond to the proposed remand order

on or before April 25, 2008.

Defendant timely responded to the court's April 10 order, opposing remand, primarily on jurisdictional grounds. Contemporaneously it filed a motion to dismiss, or, in the alternative, for summary judgment. We have not received a reply to the April 10 order from plaintiff.

Without addressing the merits of plaintiff's arguments concerning the Corp's obligations under the settlement agreement, we deny the motion to compel. It is our view that the proper vehicle for addressing the substance of the complaint is through defendant's dispositive motion. Accordingly, plaintiff's motion to compel is denied. Plaintiff shall respond to defendant's motion in accordance with the rules of the court.

s/ Eric Bruggink

ERIC G. BRUGGINK
Judge