# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BURNS & McDONNELL ENGINEERING COMPANY, INC.,

Plaintiff,

vs.

UNITED STATES ARMY CORPS OF ENGINEERS,

Defendant.

Case No. 08-75C

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

LATHROP & GAGE L.C.

Jerome V. Bales
Kenton E. Snow
2345 Grand Blvd., Suite 2800
Kansas City, MO 64108-2684
Tel.: (816) 292-2000/Fax: (816) 292-2001

ATTORNEYS FOR PLAINTIFF

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. STATEMENT OF THE FACTS ........ 2

III. ARGUMENT ........ 3

A. Count II of Plaintiff's Complaint Should Not be Dismissed for Lack of Jurisdiction ........ 3

1. Standard of Review for Subject Matter Jurisdiction ........ 3

2. Defendant's Motion Should be Denied Because this Court has the Power to Order Mediation. ........ 4

B. Plaintiff's Complaint States a Claim and Should Not be Dismissed. ........ 5

1. Standard of Review for Failure to State a Claim. ........ 5

2. Standard of Review for Summary Judgment. ........ 5

3. Plaintiff's Complaint Should Not be Dismissed as Plaintiff has Alleged a Valid Claim. ........ 6

4. Plaintiff's Complaint States a Claim Because B&M has Complied with the Specific Dispute Resolution Process in the Parties' Settlement Agreement ........ 7

IV. CONCLUSION ........ 13

## TABLE OF AUTHORITIES

### Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........ 5
*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ........ 5
*Berger v. United States*, 87 F.3d 60 (2d Cir. 1996) ........ 5
*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........ 5
*Commonwealth of Puerto Rico v. U.S.*, 44 Fed. Cl. 618 (Fed.Cl., 1999) ........ 4
*Massie v U.S.*, 40 Fed.Cl. 151 (Fed.Cl., 1997) ........ 4
*Reed v. United States*, 717 F.Supp. 1511 (S.D. Fla. 1988) ........ 13
*San Carlos Irrigation and Drainage Dist. v. United States*,
877 F.2d 957 (Fed. Cir. 1989) ........ 6
*Shaffer v. U.S.D.A.*, 325 F.3d 370 (U.S.App. D.C. 2003) ........ 4
*Westover v. United States*, 71 Fed. Cl. 635 (Fed. Cl. 2006) ........ 6



CC 2007743v1

COMES NOW Plaintiff Burns & McDonnell Engineering Company, Inc. ("B&M"), and for its Memorandum in Opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment[1], states and alleges as follows:

## STATEMENT OF THE CASE

### I. INTRODUCTION

In its Motion, the United States argues that Plaintiff's Complaint should be dismissed because B&M has allegedly failed to properly assert a breach of contract claim based on the issue of "early discovery" and has allegedly failed to follow the dispute resolution procedure set forth in the parties' Settlement Agreement. As noted below, B&M's complaint clearly alleges a claim against the COE as the COE has breached the parties' Settlement Agreement by failing and refusing to reimburse B&M for the $553,437.00 that B&M paid to the COE. Further, the COE's assertion that B&M has failed to comply with the terms of the Settlement Agreement regarding dispute resolution is disingenuous as B&M has raised the issue of early discovery with the United States Army Corps of Engineers ("COE") on numerous occasions. In response, the COE has refused to discuss the issue and has prevented B&M from complying with the terms of the Settlement Agreement by precluding B&M representatives from contacting COE employees. Based on the COE's actions, this Court should find that B&M has properly pleaded its claims and that it substantially complied with the terms of the dispute

[1] Defendant takes the position that if the Court considers the declaration of Mr. Streckfus, that it should convert the motion to dismiss for failure to state a claim into a motion for summary judgment. B&M asserts that the motion should not be converted into a motion for summary judgment as Defendant has failed to comply with Rule 56, including but not limited to the requirement that "the moving or cross-moving party shall file, together with its motion, a separate document titled Proposed Findings of Uncontroverted Fact" which "shall contain concise, separately numbered paragraphs . . . ." In addition, as noted below, a genuine issue of material fact exists on the issue of "early discovery" which should preclude summary judgment.

resolution procedures contained in the parties' Settlement Agreement. As a result, Defendant's Motion(s) should be denied.

## II. STATEMENT OF THE FACTS

On January 16, 2002, B&M and COE entered into a contract for land surveying services on the fish hatchery site located at Ft. Peck, Montana. Compl. ¶5. B&M subcontracted the surveying duties to Anderson Consulting Engineers ("Anderson"). Compl. ¶6. In the spring of 2004, the COE asserted a claim against B&M arising out of the land surveying services performed by Anderson. Compl. ¶8. Subsequently, B&M participated in settlement discussions with the COE which resulted in B&M paying the COE the sum of $553,437.00 to fix the error. Compl. ¶9.

Prior to the settlement between B&M and the COE, Anderson asserted that the COE had knowledge of the existence of the survey error ("early discovery") which, if raised, would have allegedly reduced the costs incurred in resolving the survey errors. Compl. ¶10. Under the Settlement Agreement, B&M reserved the right to assert a claim for refund of amounts paid by B&M to the COE which allegedly could have been avoided by the COE through discovery of the surveying error at an earlier time. See Compl. ¶11 and paragraph 3 of the Settlement Agreement, a copy of which is attached hereto as Ex. A.

Paragraph 3 of the Settlement Agreement provides as follows:

> Burns agrees that, in the event it discovers information that, in its opinion, validates its position that the COE knew or should have known that the survey error existed at an earlier time such that the damages that resulted from the error would have been substantially mitigated, it shall bring the matter to Dispute Resolution. Dispute Resolution shall consist of the following: (a) the Burns Business Manager shall raise the issue with the COE Project Manager; if they are unable to agree on a resolution of the issue, it shall be raised (b) to the District Engineer and CEO of Burns for discussion; if the issue is not settled at that level (c) the parties shall agree

> to mediate the dispute before a single mediator mutually selected by the COE with the mediation session to be held in Omaha, Nebraska. Anderson may be included in the mediation upon agreement by the COE. In the event that the dispute is not resolved through mediation, Burns may bring an action under existing and available legal authorities.

On December 20, 2005, counsel for Anderson sent counsel for B&M a letter outlining evidence of early discovery. See Ex. B. Counsel for B&M forwarded a copy of the letter to the COE. See Ex. B. On October 11, 2007, counsel for Anderson sent another letter regarding early discovery which summarized additional evidence related to the issue. Id. A copy of the October 11, 2007, letter was also provided to the COE. Id. Counsel for B&M has also provided copies of depositions of various witnesses who testified that the COE should have known about the surveying error at an earlier date. See Ex. B.

On or about November 27, 2007, Mr. Robert Bradford of B&M wrote to Mr. Ted Streckfus of the COE to raise the issue of early discovery as per the parties' Settlement Agreement. See, Ex. C. Mr. Bradford received no response to his letter. See, Ex. D.

## III. ARGUMENT

### A. Count II of Plaintiff's Complaint Should Not be Dismissed for Lack of Jurisdiction.

#### 1. Standard of Review for Subject Matter Jurisdiction.

As noted by Defendant, when deciding a motion to dismiss based upon either lack of subject matter jurisdiction or failure to state a claim, the Court must assume that all undisputed facts alleged in the Complaint are true and must draw all reasonable inferences in the Plaintiff's favor. When considering a motion to dismiss, the Court may consider all relevant evidence in order to resolve any disputes as to the truth of the

jurisdictional facts alleged in the Complaint. See *Massie v U.S.*, 40 Fed.Cl. 151 (Fed.Cl., 1997). Given this standard, there is no basis to grant Defendant's Motion.

**2. Defendant's Motion Should be Denied Because this Court has the Power to Order Mediation.**

There is little question that this Court has the authority to compel mediation. In fact, this Court has issued General Order No. 44 which states, in part, that this Court "has been a leader in the promotion of alternative dispute resolution." In the Automatic Referral Program, all cases, except for bid protest cases, assigned to certain judges are automatically referred to other judges of the Court for ADR purposes. As a result, it is clearly within the inherent power of this Court to compel mediation of the dispute.

In addition, courts have held that settlement agreements are contracts, which can be enforced by the United States Court of Federal Claims. For example, in *Commonwealth of Puerto Rico v. U.S.*, 44 Fed. Cl. 618 (Fed.Cl., 1999), the Court held that a settlement agreement is a contract and stated that "jurisdiction in this Court is properly vested under the Tucker Act, which provides that 'the United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . .'" Id. Further in *Shaffer v. U.S.D.A.*, 325 F.3d 370 (U.S.App. D.C. 2003), the Court stated "there appears to be no doubt that the Court of Federal Claims could entertain this case under the Tucker Act, for the purpose of which a settlement agreement is considered a contract." As a result of the above, this Court has jurisdiction to enforce the Settlement Agreement and Defendant's Motion should be denied.

**B. Plaintiff's Complaint States a Claim and Should Not be Dismissed.**

**1. Standard of Review for Failure to State a Claim.**

As noted in Defendant's Motion, Plaintiff's Complaint must be liberally construed and the Court must assume all of Plaintiff's facts as true and draw all reasonable inferences in Plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). As noted in *Twombly*, Plaintiff is only required to state enough facts to state a claim to relief that is plausible on its face. Id. at 1974.

**2. Standard of Review for Summary Judgment.**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c). The Court's responsibility is to determine if there is a genuine issue to be tried and not to resolve disputed issues of fact. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Moreover, the Court must draw all reasonable inferences and resolve all ambiguities in the nonmoving party's favor and construe the facts in the light most favorable to the nonmoving party. *Id.* at 254-55.

Summary judgment should be granted only "[i]f *after discovery*, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (alteration in original and emphasis added). A genuine issue for trial exists if, *based on the record as a whole*, a reasonable jury could find in favor of the nonmoving party, *id.* at 248, and the absence of a complete record ordinarily precludes granting summary judgment.

In the present case, a genuine issue of material fact exists as to whether or not the COE should have discovered the surveying error at an earlier point in time. As a result, summary judgment should be denied.

### 3. Plaintiff's Complaint Should Not be Dismissed as Plaintiff has Alleged a Valid Claim.

There is little question that Plaintiff has asserted a valid claim for breach of contract in Count I of its Complaint. As this Court is aware, pursuant to Rule 8, Plaintiff must only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." As noted by Defendant, in order to make a claim for breach of contract, B&M must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of that contract; (3) a breach of that duty; and (4) damages caused by the breach." *Westover v. United States*, 71 Fed. Cl. 635, 640 (Fed. Cl. 2006) (quoting *San Carlos Irrigation and Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989)).

The COE does not dispute the fact that a valid contract (the Settlement Agreement) exists between the parties. Defendant's contention is that B&M has failed to state what obligation the COE has pursuant to the agreement and how the COE has breached that duty. However, a review of B&M's Complaint filed in this action clearly reveals allegations that the COE has breached the Settlement Agreement by failing and refusing to reimburse B&M for all or any part of the $553,437.00 that B&M paid to the COE on this Project. B&M has suffered damage because it has paid $553,437.00 to the COE. Although the COE attempts to argue that Anderson has raised the issue of early discovery and not B&M, this is a distinction without a difference as B&M has also alleged the issue of early discovery in its Complaint.

The COE apparently takes the position that B&M has no recourse against the COE other than mediation. However, the Settlement Agreement clearly contemplates that B&M may sue the COE to recover the $553,437.00 based upon a claim that the COE should have discovered the surveying error. The last sentence of paragraph 3 of the Settlement Agreement states, "[i]n the event that the dispute is not resolved through mediation, Burns may bring an action under existing and available legal authorities."[2] As a result, Defendant's motion should be denied.

### 4. Plaintiff's Complaint States a Claim Because B&M has Complied with the Specific Dispute Resolution Process in the Parties' Settlement Agreement.

In seeking to dismiss B&M's complaint, the COE takes the position that B&M has not complied with the dispute resolution process contained in the parties' Settlement Agreement. Although the COE is technically correct, a review of the facts below demonstrate that B&M has made every effort to comply with the terms in good faith and further demonstrate that the COE has actively prevented B&M from following the process. As a result, this Court should find that B&M has substantially complied with the terms of the parties' Settlement Agreement.

The following chronology demonstrates the efforts made by B&M to comply with the Settlement Agreement. As noted, the COE and B&M entered into a Settlement Agreement on April 13, 2005, under which B&M paid the COE $553,437.00 as a result of a surveying error. However, B&M specifically reserved the right to recover that amount if there was a showing that the COE should have discovered the error at an earlier date and could have thereby mitigated its damages.

[2] In the event this Court determines that B&M's Complaint does not properly state a claim for breach of contract, B&M seeks leave to amend its Complaint to assert such a claim.

On December 20, 2005, counsel for Anderson sent a letter to B&M raising "early discovery" issues. See Ex. B. A copy of the letter was provided to the COE. Id. Subsequently, on December 27, 2005, B&M filed suit against Anderson in the United States District Court for the District of Montana ("Montana Action").

After the filing of the Montana Action, counsel for B&M and Anderson engaged in significant discovery, including the taking of several depositions. Several witnesses testified that the COE should have discovered Anderson's surveying error. Although this information was provided to the COE, the COE continued to refuse to acknowledge any issue of early discovery.

For several months, counsel for B&M engaged in discussions with counsel for the COE, attempting to convince the COE to mediate the case. On several occasions, counsel for B&M was told by counsel for the COE that it would be a "waste of time" to initiate the dispute resolution procedures contained in the parties' Settlement Agreement. See Ex. B.

On May 2, 2007, B&M filed an Amended Complaint in the Montana Action to add the COE as a party. Mr. Mark Steger Smith, an Assistant United States Attorney, entered his appearance on behalf of the COE.

On August 7, 2007, counsel for B&M sent an email to Mr. Smith which stated that "[i]f it will be the COE's position that we need to go through the steps in the settlement agreement before it will ever agree to mediate, let me know (and let me know where the 'COE Project Manager' is located) and we will begin those steps." See Ex. E, p. 1.

On August 22, 2007, Mr. Smith responded and stated that he would be advising his clients to not waive the requirements of the Settlement Agreement. He also stated that "[c]ommunications with Mr. Streckfus should be routed through my office." See Exhibit E, p. 2.

On October 17, 2007, counsel for B&M provided Mr. Smith with a copy of Mr. McLean's December 20, 2005 letter regarding early discovery. This information was previously provided to the COE in 2005. Counsel for B&M also asked for clarification regarding the statement that "[c]ommunications with Mr. Streckfus should be routed through my office." See Exhibit E, p. 3. In response, Mr. Smith stated in an October 23, 2007, email that he was conferring with his client and would get back to counsel for B&M. See Exhibit E, p. 4.

On November 1, 2007, Mr. Smith wrote an email to counsel for B&M stating that whether the information previously provided by B&M constituted "early discovery" "was a question of contract interpretation that would have to be resolved in the Claims Court." See Exhibit E, p. 5. He also stated that whether or not the COE had waived its right to attempt to enforce the dispute resolution provisions would be a contract issue for the Claims Court. Id. In response to B&M's counsel indicating that B&M wanted to begin the dispute resolution procedure under the Settlement Agreement and arrange contact with Mr. Streckfus, Mr. Smith stated as follows: "First and foremost, as we discussed, whether such consultation is still required or possible under the settlement agreement is a contract question that must be resolved in Claims Court. Also, this statement is premised on recognition that the contract requires exhaustion prior to mediation, and that such consultation has not already occurred." Lastly, Mr. Smith noted, "You seek clarification

of my statement that 'Communications with Mr. Streckfus should be routed through my office.' Mr. Streckfus is an employee of the agency and a witness for purposes of this pending litigation. Please refrain from contacting him outside of my presence." Id. (Emphasis added).

On November 5, 2007, counsel for B&M wrote a letter to Mr. Smith stating that, "I interpret your email as instructing me to not have Mr. Bradford contact Mr. Streckfus, as provided for in the Settlement Agreement between Burns & McDonnell and the Corps dated on or about April 13, 2005. I also interpret your response as confirmation that we have fulfilled the first step of the agreement. If that is incorrect, please advise by November 6 as to how you propose that Mr. Bradford contact Mr. Streckfus." See Exhibit E, p. 6.

On November 8, Mr. Smith responded in an e-mail stating that "you are indeed incorrect that my November 1, 2007, e-mail was any kind of confirmation that Burns has satisfied any part of the agreement. As stated in my e-mail, the ripeness and viability of that provision are among many contract questions that must be resolved in the Claims Court. This should clarify the answers your remaining questions and disabuse you of the incorrect assumptions associated therewith." See Exhibit E. p. 7.

On or about November 21, 2007, the case against the COE was transferred to this Court by agreement of the parties. Shortly thereafter, on November 27, 2007, Mr. Robert Bradford, B&M's project manager on the project in issue, sent a letter via Certified Mail to Mr. Streckfus (with a copy to Mr. Smith) stating, "[p]ursuant to the parties' April 13, 2005 settlement agreement, I am writing to 'raise the issue' of early discovery with you. Please contact me at your earliest convenience so that we can discuss this matter." See

Exhibit E, p. 8. Mr. Bradford pointed out in the letter that B&M believed that it had previously satisfied its obligations under the parties' Settlement Agreement and that the COE had waived its right to demand enforcement of the premediation procedure set forth in the agreement. Id.

In response to Mr. Bradford's letter, on December 7, 2007, counsel for B&M received a letter from Ms. Dawn Goodman, counsel for the COE, stating as follows: "In light of the pending litigation, all correspondence regarding this matter should be conveyed through counsel. You can direct any future correspondence to me. As long as the action is pending in court, the Army Corps of Engineers and its employees will not respond to any future communications on this issue." See Exhibit E, p. 9.

On December 14, 2007, counsel for B&M wrote to Ms. Goodman regarding her letter, stating that because Ms. Goodman was instructing Burns & McDonnell not to contact any employees of the COE, that Burns & McDonnell would interpret her letter as confirmation that it had fulfilled the conditions precedent to mediation that were set forth in the parties' Settlement Agreement. See Exhibit E, p.10 .

On December 21, 2007, Ms. Goodman wrote to counsel for B&M stating that her letter should not be interpreted as confirmation that Burns & McDonnell fulfilled the conditions precedent to mediation set forth in the parties' Settlement Agreement. See Exhibit E, p. 14. Ms. Goodman also stated that "the sole purpose of the letter was to inform you that, in light of Burns & McDonnell's decision to file suit against the Army Corps of Engineers and the pending transfer of the case to the United States Court of Federal Claims, all communication must now be directed to me, as counsel for the United States." Id.

On January 2, 2008, counsel for B&M responded to Ms. Goodman's letter and stated that, "[i]n light of your letter, please advise how you expect Burns & McDonnell to comply with the terms of the Settlement Agreement regarding mediation." See Exhibit E, p. 15. Counsel for B&M also noted that, "[p]lease note that Burns & McDonnell remains willing to discuss the issue of early discovery as set forth in the parties' April 13, 2005 Settlement Agreement. We respectfully request that you reconsider your position and allow Mr. Streckfus to discuss the issue with Mr. Bradford so that the parties can attempt to reach a resolution. Until a resolution is reached on the above, please be advised that we will continue to take the position that Burns & McDonnell has complied with the terms of the Settlement Agreement and Release." Id.

Lastly, on January 8, 2008, Ms. Goodman responded to counsel for B&M's letter of January 2, 2008, stating, "[a]s you know, Burns & McDonnell elected to file suit against the Army Corps of Engineers regarding disputes arising out of the April 13, 2005 Settlement Agreement, and the case is currently in the process of being transferred to the Court of Federal Claims. Without waiving any available defenses the government may have in this case, we will await transfer and the filing of a complaint in the Court of Federal Claims before determining the appropriate course of action." See Exhibit E, p. 17.

As the Court can see, B&M has made every effort to raise the issue of early discovery with the COE, only to be told that the COE employees will not speak with B&M employees. The COE has clearly prevented B&M from complying with the terms of the Settlement Agreement. As a result of the above, this Court should find that B&M has substantially complied with the terms of the parties' Settlement Agreement and order

the COE to mediate as set forth in the parties' Settlement Agreement or based upon the inherent powers of the Court to order mediation.

## IV. CONCLUSION

In the present case, B&M entered into a Settlement Agreement with the COE in good faith, with the agreement that the COE would pay money back to B&M if issues of early discovery arose.

In *Reed v. United States*, 717 F.Supp. 1511 (S.D. Fla. 1988), another case involving the enforcement of a settlement agreement against the United States, the court noted as follows:

> When the United States government acts, as the embodiment of the collective conscience of our society, one must expect that the moral fibers of our nation--honor, integrity and commitment--will be reflected as a model to our citizens. The government has wholly failed its people by not upholding these deeply rooted ideals in this case. The government, more than any other party, must be held to honor its commitments. When the government fails, United States Courts must be prepared to enforce these commitments. We do so without hesitation in the instant case.

This Court should likewise enforce the commitment that the COE made to B&M and deny Defendants' Motion(s).

WHEREFORE, for the reasons set forth above, Plaintiff Burns & McDonnell Engineering Company, Inc. respectfully requests that Defendant's Motion be denied, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

LATHROP & GAGE L.C.

By: /s/ Jerome V. Bales
Jerome V. Bales Mo. Bar #37330
Kenton E. Snow Mo. Bar #40698
2345 Grand Blvd., Suite 2800
Kansas City, MO 64108-2684
Tel.: (816) 292-2000/Fax: (816) 292-2001
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been sent via U.S. Mail, first class postage prepaid, the 27th day of May, 2008, addressed as follows:

Dawn E. Goodman
Trial Attorney
Civil Division
U.S. Department of Justice
Washington, D.C. 20530
ATTORNEY FOR DEFENDANT

/s/ Jerome V. Bales
Attorney for Plaintiff