# EXHIBIT E

**Snow, Kenton**

**From:** Snow, Kenton
**Sent:** Tuesday, August 07, 2007 4:05 PM
**To:** 'mark.smith3@usdoj.gov'
**Subject:** Burns & McDonnell v. Anderson/Fort Peck, Montana Fish Hatchery Project

Mark, thank you for taking the time to speak with me regarding the above referenced matter. In our discussion, you indicated that Stan Tracey had informed you that there were several prerequisites to mediation that had not been fulfilled. Although I did not have the document in front of me, these items are set forth in paragraph 3 of the settlement agreement. Please note that we filed a motion to compel mediation with the court where we planned to take the position that going through the process in the settlement agreement would be a waste of time as Stan Tracey had already informed me that the COE would not agree to mediation. If we need to go through the steps, we will, but we believe those requirements can and should be waived (and may have already been waived) so we can sit down in a room with Anderson, the COE and B&M to discuss the issues and attempt to reach a resolution. If it will be the COE's position that we need to go through the steps in the settlement agreement before it will ever agree to mediate, let me know (and let me know where the "COE Project Manager" is located) and we will begin those steps. However, as noted, we would like to avoid the effort if possible. Please let us know your position with respect to mediation at your earliest convenience. Please give me a call if you have any questions or comments regarding the above or if you want to discuss the issue any further. Thanks, Ken.

Kenton E. Snow
Lathrop & Gage L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108-2612
(816) 460-5511
fax (816) 292-2001
e-mail: ksnow@lathropgage.com

The information contained in this e-mail message and any attachments thereto ("e-mail") is sent by an attorney or his agent and is intended to be confidential and for the use of only the individual or entity named above. The information may be protected by attorney/client privilege, work product immunity or other legal rules. If the reader of this message is not the intended recipient, or an employee or agent responsible to deliver it to the intended recipient, you are notified that retention, dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone (816) 292-2000 or by e-mail reply, and immediately and permanently delete this e-mail message and any attachments thereto. Thank you.



**Exhibit E**

**From:** Smith, Mark (USAMT) [Mark.Smith3@usdoj.gov]

**Sent:** Wednesday, August 22, 2007 4:54 PM

**To:** Snow, Kenton

**Cc:** Tracey, Stanley E NWO

**Subject:** RE: Burns & McDonnell v. Anderson/Fort Peck, Montana Fish Hatchery Project

Kent: Thanks for your e-mails of August 7 and August 20, 2007. I regret I was unable to respond sooner, but was out of the office last week. I have now reviewed the settlement agreement dated April 13, 2005, and the amendments thereto. It appears that paragraph 3 of this agreement envisages a process whereby Burns & McDonnell can pursue mediation if it uncovers evidence the Corps "knew or should have known that the survey error existed at an earlier time such that the damages that resulted from the error would have been substantially mitigated... ." The original agreement (paragraph 2) gave B&M 9 months to acquire such information. By three subsequent amendments, the Corps acquiesced in extending this investigation period 18 additional months. I am advised by the Corps that, in all this time, B&M has never provided the Corps with evidence of "early discovery" as contemplated in paragraph 3. While I can appreciate your laudable objective of getting the parties together in a room and getting this dispute resolved, there is little basis for my clients to participate in such an effort if there is no evidence of "early discovery." You suggest in your August 7 missive that the Corps should waive the requirements of paragraph 3 of the settlement agreement. But the agreement articulates the operative dynamic of liability in this case. If the Corps did not know about the survey error at a time that could have substantially mitigated the damages, there is no reason for the Corps to be involved in any mediation. Thus, I will be advising my clients to not waive the requirements of paragraph 3 of the settlement agreement. The Corps' project manager is Ted Streckfuss. Communications with Mr. Streckfuss should be routed through my office. Thanks.

---

**From:** Snow, Kenton [mailto:KSnow@LathropGage.com]
**Sent:** Monday, August 20, 2007 3:34 PM
**To:** Smith, Mark (USAMT)
**Subject:** RE: Burns & McDonnell v. Anderson/Fort Peck, Montana Fish Hatchery Project

Mark, any word on this? Thanks, Ken.

-----Original Message-----

**From:** Snow, Kenton

**Sent:** Tuesday, August 07, 2007 4:05 PM

**To:** 'mark.smith3@usdoj.gov'

**Subject:** Burns & McDonnell v. Anderson/Fort Peck, Montana Fish Hatchery Project

Mark, thank you for taking the time to speak with me regarding the above referenced matter. In our discussion, you indicated that Stan Tracey had informed you that there were several prerequisites to mediation that had not been fulfilled. Although I did not have the document in front of me, these items are set forth in paragraph 3 of the settlement agreement. Please note that we filed a motion to compel mediation with the court where we planned to take the position that going through the process in the settlement agreement would be a waste of time as Stan Tracey had already informed me that the COE would not agree to mediation. If we need to go through the steps, we will, but we believe those requirements can and should be waived (and may have already been waived) so we can sit down in a room with Anderson, the COE and B&M to discuss the issues and attempt to reach a resolution. If it will be the COE's position that we need to go through the steps in the settlement agreement before it will ever agree to mediate, let me know (and let me know where the "COE Project Manager" is located) and we will begin those steps. However, as noted, we would like to avoid the effort if possible. Please let us know your position with respect to mediation at your earliest convenience. Please give me a call if you have any questions or comments regarding the above or if you want to discuss the issue any further. Thanks, Ken.

Kenton E. Snow
Lathrop & Gage L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108-2612
(816) 460-5511

-----Original Message-----
**From:** Snow, Kenton
**Sent:** Wednesday, October 17, 2007 12:15 PM
**To:** 'Smith, Mark (USAMT)'
**Subject:** RE: Burns & McDonnell v. Anderson/Fort Peck, Montana Fish Hatchery Project

Mark, attached is a letter we received from Matt McLean, counsel for Anderson, regarding the early discovery issue. Similar information was provided to the Corps of Engineers in a letter dated December 20, 2005. Please let me know if you need a copy of that letter. Because you are taking the position that mediation is not ripe (even though Mr. Tracey told me that we would be wasting our time going through this process because the Corps would not mediate), we will proceed under the terms of the settlement agreement. Your e-mail below notes that "communications with Mr. Streckfuss should be routed through my office." Please let me know what you mean by this statement as we would like to start this process immediately. Thanks, Ken.

-----Original Message-----
**From:** Smith, Mark (USAMT) [mailto:Mark.Smith3@usdoj.gov]
**Sent:** Wednesday, August 22, 2007 4:54 PM

**n:** Snow, Kenton [mailto:KSnow@LathropGage.com]
**nt:** Friday, October 26, 2007 9:25 AM
**To:** Smith, Mark (USAMT)
**Subject:** RE: Burns & McDonnell v. Anderson/Fort Peck, Montana Fish Hatchery Project

Mark, any word on the motion for extension? Thanks, Ken.

-----Original Message-----
**From:** Smith, Mark (USAMT) [mailto:Mark.Smith3@usdoj.gov]
**Sent:** Tuesday, October 23, 2007 3:14 PM
**To:** Snow, Kenton
**Cc:** Tracey, Stanley E NWO
**Subject:** RE: Burns & McDonnell v. Anderson/Fort Peck, Montana Fish Hatchery Project

Ken: I am conferring with my client and will try to get back to you this week. Thanks.

**Snow, Kenton**

**From:** Smith, Mark (USAMT) [Mark.Smith3@usdoj.gov]
**Sent:** Thursday, November 01, 2007 10:50 PM
**To:** Snow, Kenton
**Cc:** Tracey, Stanley E NWO
**Subject:** RE: Burns & McDonnell v. Anderson/Fort Peck, Montana Fish Hatchery Project

Ken:

1. Mediation: As we discussed, mediation is improper in the district court and the Corps does not waive any of its defenses, be they contractually or jurisdictionally based.
2. Your 10-17 e-mail raises the following issues:
   a. Allegations that information similar to evidence of "early discovery" was provided to the Corps on December 20, 2005. As we discussed, whether such information indeed constitutes "early discovery" within the meaning of the settlement agreement, and whether it was presented as required, are questions of contract interpretation, and must be resolved in Claims Court.
   b. You claim that Stan Tracey told you the contractually mandated exhaustion of two-tiered consultation would be a "waste of your time... because the Corps would not mediate." I suspect this claim is made with a view to some kind of waiver argument. However, as we have discussed, whether such waiver is possible, whether Mr. Tracey made such alleged comments and, if they were made, whether the comments constitute waiver, etc., are all contract issues for the Claims Court. Also, for the record, this missive is not and should not be construed as any kind of implicit acknowledgement or ratification of your attribution or the statements therein.
   c. You state that Burns wants to begin the consultation process under the settlement agreement and seek to arrange such contact with Mr. Streckfuss. First and foremost, as we discussed, whether such consultation is still required or possible under the settlement agreement is a contract question that must be resolved in Claims Court. Also, this statement is premised on recognition that the contract requires exhaustion prior to mediation, and that such consultation has not already occurred. This is inconsistent with Count VI of Plaintiff's amended complaint, and indicates dismissal.
   d. You seek clarification of my statement that "communications with Mr. Streckfuss should be routed through my office." Mr. Streckfuss is an employee of the agency and a witness for purposes of this pending litigation. Please refrain from contacting him outside of my presence.
3. Will Corps consent to adding Anderson to Claims Court Proceedings: I still do not know that the assent of the Corps to joinder of a party lacking federal contractual privity is effective or particularly useful in Claims Court. Consent cannot trump jurisdiction, and the eventual posture of the case in Claims Court is speculative. Pending further edification from you on these issues, I will advise my client against consenting.

Thanks.

LATHROP & GAGE L.C. LAW OFFICES

KENTON E. SNOW
(816) 460-5511
EMAIL: KSNOW@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

2345 GRAND BOULEVARD
SUITE 2800
KANSAS CITY, MISSOURI 64108-2684
(816) 292-2000, FAX (816) 292-2001

November 5, 2007

Mr. Mark Steger Smith
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103

Re: Burns & McDonnell v. Anderson/Corps of Engineers - Fort Peck, Montana, Fish Hatchery Project

Dear Mr. Smith:

I received your e-mail of November 1, 2007, regarding the above matter.

I interpret your e-mail as instructing me to not have Mr. Bradford contact Mr. Streckfus as provided for in the Settlement Agreement entered into between Burns & McDonnell and the Corps dated on or about April 13, 2005. I also interpret your response as confirmation that we have fulfilled the first step of the agreement. If that is incorrect, please advise by November 6 as to how you propose that Mr. Bradford contact Mr. Streckfus.

Under the Settlement Agreement, the next step is for the CEO of Burns & McDonnell to discuss the matter with the District Engineer. Please be advised that the CEO of Burns & McDonnell will be contacting the District Engineer on or after November 8, 2007. Please let us know your position.

We look forward to hearing from you soon.

Very truly yours,

LATHROP & GAGE L.C.

By: Kenton E. Snow
Kenton E. Snow

KES/ma

CC 1951947v1

**From:** Smith, Mark (USAMT) [Mark.Smith3@usdoj.gov]
**Sent:** Thursday, November 08, 2007 6:20 PM
**To:** Snow, Kenton
**Cc:** Hayward, Charla (USAMT); Tracey, Stanley E NWO
**Subject:** CV 05-122-GF-SEH: B&M v. Anderson, COE

Ken:

I received your letter dated November 5, 2007 at close of business yesterday, which was one day after your unilaterally imposed deadline for responding to your assertion that "we have fulfilled the first step of the agreement." In the future, if you need responses within the due course of post, I suggest that you contact me via more direct means (i.e., our established e-mail communications, or phone call). In any case, you are indeed incorrect that my November 1, 2007 e-mail was any kind of confirmation that Burns has satisfied any part of the agreement. As stated in my e-mail, the ripeness and viability of that provision are among many contract questions that must be resolved in the Claims Court. This should clarify the answers your remaining questions and disabuse you of the incorrect assumptions associated therewith. Please advise any additional questions. Thanks.

Burns & McDonnell
SINCE 1898

27 November 2007

VIA CERTIFIED MAIL

Ted Streckfuss
United States Army Corps of Engineers
Omaha District
106 South 15th Street
Omaha, Nebraska 68102-1618

Burns & McDonnell/Fort Peck Project

Dear Mr. Streckfuss:

Pursuant to the parties' April 13, 2005 Settlement Agreement, I am writing to "raise the issue" of early discovery with you.[1]

Please contact me at your earliest convenience so that we can discuss this matter. I look forward to hearing from you soon.

Sincerely,

Robert Bradford

cc: Mark Smith (via facsimile and Certified Mail)
Ken Snow (via facsimile)
Gerry Bukowski (via facsimile)

[1] Burns & McDonnell believes that it has previously satisfied its obligations under the parties' Settlement Agreement dated April 13, 2005, and that the Corps of Engineers has waived its right to demand enforcement of the pre-mediation procedures set forth in the Agreement. Nothing contained in this letter should be viewed as inconsistent with or as a waiver of Burns & McDonnell's position on this issue.

BEST PLACES TO WORK
BUSINESS JOURNAL 2006

9400 Ward Parkway
Kansas City, Missouri 64114-3319
Tel: 816 333-9400
Fax: 816 333-3690
www.burnsmcd.com

U.S. Department of Justice

Civil Division

JED:MAM:DGOODMAN
154-0-315

Tel. (202) 616-1067
Fax: (202) 514-8624

*Washington, D.C. 20530*

received 12/13/07

December 7, 2007

VIA CERTIFIED MAIL

Jerome V. Bales
Kenton E. Snow
Lathrop & Gage L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108-2684

RE: Burns & McDonnell Engineering Company, Inc. v. United States Army Corps of Engineers, Contract No. DACA45-02-D-0002

Dear Mr. Bales and Mr. Snow:

As you are aware, on May 2, 2007, Burns & McDonnell filed an action against the United States Army Corps of Engineers in the United States District Court for the District of Montana. The action was transferred to the United States Court of Federal Claims on November 21, 2007.[1] The case has now been assigned to me as counsel for the United States.

Enclosed is a copy of a letter dated November 27, 2007 from Robert Bradford, a Burns & McDonnell Engineering Company, Inc. employee, to Ted Streckfuss, Project Manager for the Army Corps of Engineers, concerning the above-referenced matter.

In light of the pending litigation, all correspondence regarding this matter should be conveyed through counsel. You can direct any future correspondence to me. As long as the action is pending in court, the Army Corps of Engineers and its employees will not respond to any future communications on this issue.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Dawn E. Goodman
Dawn E. Goodman
Trial Attorney

[1] Pursuant to the transfer order and the Rules of the Court of Federal Claims, the file will be transmitted 61 days after the date of the transfer order.

LATHROP & GAGE L.C. LAW OFFICES

KENTON E. SNOW
(816) 460-5511
EMAIL: KSNOW@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

2345 GRAND BOULEVARD
SUITE 2800
KANSAS CITY, MISSOURI 64108-2684
(816) 292-2000, FAX (816) 292-2001

December 14, 2007

**ADVANCE COPY VIA FACSIMILE-202-514-8624**

Ms. Dawn E. Goodman
Trial Attorney
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Department of Justice
Washington, D.C. 20035

Re: Burns & McDonnell Engineering Company, Inc. v. United States Army Corps of Engineers, Contract No. DACA45-02-D-0002

Dear Ms. Goodman:

I am writing in regard to your letter of December 7, 2007, regarding the above-referenced case. In your letter, you indicate that all correspondence regarding this matter should be conveyed through counsel and that the Corp of Engineers and its employees will not respond to any further communications.

As you may know, the Settlement Agreement and Release dated April 13, 2005, between the U.S. Army Corp of Engineers and Burns & McDonnell Engineering Company, Inc., provides for certain pre-mediation procedures prior to any mediation occurring.[1] Mr. Mark Smith, the prior U.S. Attorney on this file, argued in response to a Motion to Compel Mediation that Burns & McDonnell had not complied with the terms of the Settlement Agreement and therefore mediation was improper. As a result of this argument, Mr. Bradford attempted to contact Mr. Streckfus to raise the issue of early discovery as provided for in the parties' settlement agreement.

[1] Burns & McDonnell believes that it has previously satisfied its obligations under the parties' Settlement Agreement dated April 13, 2005 and that the Corp of Engineers has waived its right to demand enforcement of the pre-mediation procedure set forth in the Agreement. Nothing contained in this letter should be viewed as inconsistent with or as a waiver of Burns & McDonnell's position on this issue.

CC 1963622v1

Because you are now instructing us not to contact any employees of the Corp of Engineers, we interpret your letter as confirmation that we have fulfilled the conditions precedent to mediation that are set forth in the Settlement Agreement. If that is incorrect, please advise.

Should you have any questions or comments regarding the above, please give me a call.

Very truly yours,

LATHROP & GAGE L.C.

By: [signature]
Kenton E. Snow

KES/pjw

CC 1963622v1

LATHROP GAGE

2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
(816) 292-2000, Fax (816) 292-2001

Direct Dial Number:
(816) 460-5511

www.lathropgage.com

10851 Mastin Blvd.
Building 82, Suite 1000
Overland Park, KS 66210-1669
(913) 451-5100, Fax (913) 451-0875

10 SOUTH BROADWAY, Suite 1300
St. Louis, MO 63102-1708
(314) 613-2500, Fax (314) 613-2550

314 East High Street
Jefferson City, MO 65101
(573) 893-4336, Fax (573) 893-5398

230 Park Avenue
Suite 1847
New York, NY 10169
(212) 850-6220, Fax (212) 850-6221

370 17th Street
Suite 4650
Denver, CO 80202-5607
(720) 931-3200, Fax (720) 931-3201

Pierre Laclede Center
7701 Forsyth Boulevard, Suite 400
Clayton, MO 63105
(314) 613-2800, Fax (314) 613-2801

1845 S. National
Springfield, MO 65808-4288
(417) 886-2000, Fax (417) 886-9126

4845 Pearl East Circle
Suite 300
Boulder, CO 80301
(720) 931-3000, Fax (720) 931-3001

Suite 1050
Franklin Square
1300 Eye Street, N.W.
Washington, D.C. 20005
(202) 962-0032, Fax (202) 962-0357

**December 14, 2007**

**From: Kenton E. Snow**

**Matter No.: 438194**

| To: | Company: | Fax Number: | Phone Number: |
|---|---|---|---|
| Dawn E. Goodman | U.S. Dept. of Justice - Civil Division | (202) 514-8624 | |

*Number of Pages Transmitted* (including this cover sheet): 3

*Message:*

If you have a problem receiving this facsimile, please call: (816) 460-5511 Fax Attendant: ______________

**CONFIDENTIALITY NOTE:**

The information in this facsimile message ("fax") is sent by an attorney or his/her agent, Is intended to be confidential and for the use of only the individual or entity named above. The information may be protected by attorney/client privilege, work product immunity or other legal rules. If the reader of this message is not the intended recipient, you are notified that retention, dissemination, distribution or copying of this fax is strictly prohibited. If you receive this fax in error, please notify us immediately by telephone and return it to the address above. Thank you.

********************
*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2351 |
| RECIPIENT ADDRESS | 1780#438194#12025148624 |
| DESTINATION ID | |
| ST. TIME | 12/14 15:00 |
| TIME USE | 00'37 |
| PAGES SENT | 3 |
| RESULT | OK |

# LATHROP GAGE

2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
(816) 292-2000, Fax (816) 292-2001

Direct Dial Number:
(816) 460-5511

www.lathropgage.com

10851 Mastin Blvd.
Building 82, Suite 1000
Overland Park, KS 66210-1669
(913) 451-5100, Fax (913) 451-0875

10 SOUTH BROADWAY, Suite 1300
St. Louis, MO 63102-1708
(314) 613-2500, Fax (314) 613-2550

314 East High Street
Jefferson City, MO 65101
(573) 893-4336, Fax (573) 893-5398

230 Park Avenue
Suite 1847
New York, NY 10169
(212) 850-6220, Fax (212) 850-6221

370 17th Street
Suite 4650
Denver, CO 80202-5607
(720) 931-3200, Fax (720) 931-3201

Pierre Laclede Center
7701 Forsyth Boulevard, Suite 400
Clayton, MO 63105
(314) 613-2800, Fax (314) 613-2801

1845 S. National
Springfield, MO 65808-4288
(417) 886-2000, Fax (417) 886-9126

4845 Pearl East Circle
Suite 300
Boulder, CO 80301
(720) 931-3000, Fax (720) 931-3001

Suite 1050
Franklin Square
1300 Eye Street, N.W.
Washington, D.C. 20005
(202) 962-0032, Fax (202) 962-0357

**December 14, 2007**

**From: Kenton E. Snow**

**Matter No.: 438194**

| To: | Company: | Fax Number: | Phone Number: |
|---|---|---|---|
| Dawn E. Goodman | U.S. Dept. of Justice - Civil Division | (202) 514-8624 | |

*Number of Pages Transmitted* (including this cover sheet): 3

*Message:*

U.S. Department of Justice

Civil Division

JED:MAM:DEG
154-0-315

Tel: (202) 616-1067
Fax: (202) 514-8624

*Washington, D.C. 20530*

December 21, 2007

VIA CERTIFIED MAIL

Kenton E. Snow
Lathrop & Gage L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108-2684

RE: Burns & McDonnell Engineering Company, Inc. v. United States Army Corps of Engineers, Contract No. DACA45-02-D-0002

Dear Mr. Snow:

I am writing in response to your letter dated December 14, 2007, regarding the above-referenced case.

Your letter alleges that my December 7, 2007 letter which instructed you to direct all communication to me, not to the United States Army Corps of Engineers employees, served as confirmation that Burns & McDonnell Engineering Company, Inc. has fulfilled the conditions precedent to mediation set forth in the settlement agreement at issue in this case. You asked me to advise if this interpretation of my letter is incorrect. I am writing to advise you of same.

My letter should not be interpreted as confirmation that Burns & McDonnell fulfilled the detailed list of conditions precedent to attending mediation or filing suit set forth in the April 13, 2005 Settlement Agreement Release. Nor should it be interpreted as a waiver of any defenses the Government may have in this case. The sole purpose of the letter was to inform you that, in light of Burns & McDonnell's decision to file suit against the Army Corps of Engineers and the pending transfer of the case to the United States Court of Federal Claims, all communication must now be directed to me, as counsel for the United States.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Dawn E. Goodman
Trial Attorney

LATHROP GAGE L.C.
LAW OFFICES

KENTON E. SNOW
(816) 460-5511
EMAIL: KSNOW@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

2345 GRAND BOULEVARD
SUITE 2800
KANSAS CITY, MISSOURI 64108-2684
(816) 292-2000, FAX (816) 292-2001

January 2, 2008

Via facsimile: (202) 514 – 8624

Dawn E. Goodman
Trial Attorney
U.S. Department of Justice
Civil Division
Washington, D.C. 20530

Re: Burns & McDonnell Engineering Company, Inc. v. United States Army Corps of Engineers, Contract No. DACA45-02-D-0002

Dear Ms. Goodman:

I am writing in regard to your letter of December 21, 2007.

As you know, in November of this year, Mr. Bradford, Burns & McDonnell's project manager on the Fort Peck Fish Hatchery project, sent a letter to Mr. Ted Streckfus of the U.S. Army Corps of Engineers, raising the issue of early discovery. The letter was sent per the parties' April 13, 2005 Settlement Agreement which required certain actions be taken prior to mediation. Mr. Streckfus has not responded to the letter and it is our understanding that you have instructed him not to respond. You have also advised us that "all communication must now be directed to [you] as counsel for the United States." In light of your letter, please advise how you expect Burns & McDonnell to comply with the terms of the Settlement Agreement regarding mediation.[1]

Please note that Burns & McDonnell remains willing to discuss the issue of early discovery as set forth in the parties' April 13, 2005 Settlement Agreement. We respectfully request that you reconsider your position and allow Mr. Streckfus to discuss the issue with Mr. Bradford so that the parties can attempt to reach a resolution. Until a resolution is reached on the above, please be advised that we will continue to take the

[1] Burns & McDonnell believes that it has previously satisfied its obligations under the parties' Settlement Agreement dated April 13, 2005, and that the Corps of Engineers has waived its right to demand enforcement of the pre-mediation procedures set forth in the Agreement. Nothing contained in this letter should be viewed as inconsistent with or as a waiver of Burns & McDonnell's position on this issue.

CC 1966308v1

position that Burns & McDonnell has complied with the terms of the Settlement Agreement and Release.

I look forward to hearing from you soon.

Very truly yours,

LATHROP & GAGE L.C.

By: [signature]
Kenton E. Snow

KES/ma

CC 1966308v1

KES ✓
JVB ✓

**U.S. Department of Justice**

Civil Division

JED:MAM:DEG
154-0-315

Tel: (202) 616-1067
Fax: (202) 514-8624

*Washington, D.C. 20530*

January 8, 2008

VIA CERTIFIED MAIL

Kenton E. Snow
Lathrop & Gage L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108-2684

RE: Burns & McDonnell Engineering Company, Inc. v. United States Army Corps of Engineers, Contract No. DACA45-02-D-0002

Dear Mr. Snow:

I am writing in response to your letter dated January 2, 2008, regarding the above-referenced case.

As you know, Burns & McDonnell elected to file suit against the Army Corps of Engineers regarding disputes arising out of the April 13, 2005 Settlement Agreement, and the case is currently in the process of being transferred to the Court of Federal Claims. Without waiving any available defenses the Government may have in this case, we will await transfer and the filing of a complaint in the Court of Federal Claims before determining the appropriate course of action.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Dawn E. Goodman
Trial Attorney