IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BURNS & McDONNELL ENGINEERING COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-75C |
| | ) | (Senior Judge Bruggink) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to plaintiff's opposition to our motion to dismiss the complaint or, in the alternative, motion for summary judgment. In our opening brief, we established that the Court lacked jurisdiction to entertain Count II of the complaint because it seeks an award of specific performance which the Court lacks jurisdiction to award. Additionally, we established that the entire complaint (Count I and II) fails to state a claim upon which relief can be granted because plaintiff, Burns & McDonnell Engineering Company, Inc. ("Burns"), has not alleged that the Government breached the settlement agreement, that any breach by the Government is the proximate cause of the damages alleged, and/or that plaintiff complied with the terms of the agreement before filing this action.[1]

[1] To support our contention that plaintiff did not comply with the settlement agreement, we filed the declaration of Ted H. Streckfuss, the Project Manager and Project Engineer for the project at issue in this case. In the event the Court considers the declaration, we requested that the Court convert the motion to dismiss into a motion for summary judgment. Burns contends that the Court should not convert the motion to dismiss into a motion for summary judgment because the Government did not file proposed findings of uncontroverted facts as required by RCFC 56. Resp. at 1 n.1. However, contrary to plaintiff's contention, on April 25, 2008, the Government filed Defendant's Proposed Findings of Uncontroverted Facts (Docket Entry 13) as

In its response, Burns alleges that Count II should not be dismissed for lack of jurisdiction because the Court has the power to order mediation. Further, Burns contends that it has stated a valid claim for relief because the settlement agreement between the parties provides that "Burns may bring an action under existing and available legal authorities" and it complied, or attempted to comply, with the detailed dispute resolution process in the settlement agreement. For the reasons set forth below, none of plaintiff's arguments is availing and the complaint should be dismissed.

## ARGUMENT

### I. Burns Fails To Establish That This Court Has Jurisdiction To Entertain Its Claim For Specific Performance

As repeatedly established in our response to plaintiff's motion to compel mediation, our motion to dismiss, and our response to the Court's proposed remand order, this Court does not possess jurisdiction to remand this case to the agency for mediation or to otherwise compel mediation of the dispute. "[This] [C]ourt cannot entertain claims for injunctive relief or specific performance except in narrowly defined, statutorily provided circumstances not here pertinent." Kanemoto v. Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994); see also Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) (reversing Court of Federal Claims award of equitable remedy). With the exception of such specific statutory waivers of sovereign immunity, this Court's Tucker Act jurisdiction is expressly limited to claims for monetary relief. United States v. King, 395 U.S. 1, 4 (1969) ("cases seeking relief other than money damages from the Court of Claims have never been 'within its jurisdiction'"); First Hartford Corp. Pension Plan & Trust v. United States,

a separate document, together with its motion, exactly as required by RCFC 56.

194 F.3d 1279, 1294 (Fed. Cir. 1999) (but for narrowly defined circumstances, e.g. 28 U.S.C. §1491(b)(2), the United States Court of Federal Claims "cannot grant nonmonetary equitable relief such as an injunction or declaratory judgment, or specific performance" (internal citations omitted)); Ruttenberg v. United States, 65 Fed. Cl. 43, 50 (2005) ("With the exception of certain and strictly limited exceptions set forth in 28 U.S.C. § 1491(b)(2), which are inapplicable here, this Court is not vested with the authority to order equitable relief such as specific performance."); Spectrum Leasing Corp. v. United States, 764 F.2d 891, 893 n.2 (D.C. Cir. 1985) ("[The Tucker Act] is intended to foreclose specific performance of government contracts."). "Thus, because the range of relief available in the Court of Federal Claims is limited, the waiver of sovereign immunity provided under the Tucker Act will not always provide an adequate remedy in a suit against the United States." Kanemoto, 41 F.3d at 645 (Fed. Cir. 1994).

In this case, Count II of the complaint seeks an order from the Court compelling the Government to participate in mediation of the dispute with Burns and Anderson Consulting Engineers ("Anderson"). The Court does not possess jurisdiction to order specific performance of a government contract because Congress has not waived sovereign immunity for this purpose. Additionally, as stated in our opening brief, and not contested in Burns's response, Anderson is not a party to the settlement agreement at issue in this case and the settlement agreement specifically states that Anderson may be a party to mediation only upon agreement by the Government. Accordingly, Count II should be dismissed for lack of jurisdiction because the Court lacks jurisdiction to entertain a claim for specific performance in this case and to order the Government to participate in mediation with Burns and Anderson.

Burns's arguments that the Court possesses the power to order mediation in this case are inapposite. First, citing the Court's General Order No. 44, which creates the Court's alternative dispute resolution ("ADR") automatic referral program, Burns argues that Count II should not be dismissed because "this Court has the authority to compel mediation." Resp. at 4. While this Court's ADR program allows for automatic referral of cases to judges of the Court for ADR purposes, actual participation in ADR, including mediation, remains voluntary, especially where Congress has not waived sovereign immunity for the purpose of allowing courts to order the Government to mediation. General Order No. 44, ¶ 7. Accordingly, this Court's ADR program does not create a basis for jurisdiction over Count II.

Burns also argues that Count II should not be dismissed for lack of jurisdiction because the Court possesses jurisdiction to entertain claims involving a settlement agreement, which is a contract. The Government does not dispute that the parties entered into a settlement agreement and that this Court generally possesses jurisdiction to adjudicate claims arising out of settlement agreements with the United States because settlement agreements are typically considered contracts under the Tucker Act. However, Burns's argument is unavailing because it fails to address the crux of our argument – that this Court does not possess jurisdiction to entertain Count II because Congress has not waived sovereign immunity for claims for specific performance against the Government in this context. Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). Congressional consent to suit in this Court, thereby waiving the Government's traditional immunity, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Yancheng

Baolong Biochemical Prods. Co. v. United States, 406 F.3d 1377, 1382 (Fed. Cir. 2005). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. Testan, 424 U.S. at 399; King, 395 U.S. at 4. Because Congress has not waived sovereign immunity for claims for injunctive relief or specific performance, except in narrow circumstances which do not apply here, the Court does not possess jurisdiction to entertain Burns's claim for specific performance and Count II should be dismissed for lack of jurisdiction.

## III. Burns Fails To Establish That The Government Breached The Settlement Agreement Or That Burns Satisfied The Conditions Set Forth In The Agreement

### A. Burns Has Not Asserted A Claim For Breach Of Contract

As established in our opening brief, even if the Court possesses jurisdiction to entertain Count II, the entire complaint (Counts I and II) should be dismissed for failure to state a claim for breach of contract. The Government does not contest the existence of a valid contract between the parties. However, solely asserting the existence of a contract is insufficient to state a claim for breach of contract. To recover for breach of contract, Burns must allege and establish the following: "'(1) a valid contract between the parties; (2) an obligation or duty arising out of that contract; (3) a breach of that duty; and (4) damages caused by the breach.'" Westover v. United States, 71 Fed. Cl. 635, 640 (Fed. Cl. 2006) (quoting San Carlos Irrigation and Drainage Dist. v. United States, 877 F.2d. 957, 959 (Fed. Cir. 1989)).

In this case, the complaint does not allege what obligation or duty the Government breached or what damages were caused by the breach. It states only that Anderson has raised an issue of "early discovery" which, if proven, may require the Government to refund amounts paid by Burns under the settlement agreement. Compl. ¶¶ 13-14. These statements do not allege

factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In its response, Burns argues that its complaint "clearly reveals allegations that the [Government] has breached the Settlement Agreement by failing and refusing to reimburse [Burns] for all or any part of the $553,437.00 that [Burns] paid to the [Government] on this project." Resp. at 6. This claim, like those contained in the complaint, do not state a claim for relief. Rather, they are pure speculation – essentially arguing that if the Court allows Burns to present its "early discovery" to the Court so that the Court may determine the value of this information to Burns's claim that the Government could have mitigated its damages, the Court may conclude that the Government must refund Burns all or part of the money it paid to the Government pursuant to the settlement agreement. These allegations, regardless of how they are framed, do not state a claim for breach of contract.

Burns also argues that the claim should not be dismissed because the contract states, "[i]n the event that the dispute is not resolved through mediation, Burns may bring an action under existing and available legal authorities." This clause does not turn Burns's complaint into a viable claim for breach of contract. First, as established below, the parties did not attend mediation because Burns did not satisfy the conditions precedent set forth in the settlement agreement before filing suit. Therefore, the clause does not apply. Second, the clause does not create a right of action where one does not otherwise exist. Burns has failed to state a claim for breach of contract under and "existing and available legal authorities."

Accordingly, the complaint should be dismissed for failure to state a claim.

**B. Burns Has Failed To Establish That It Satisfied The Conditions Precedent In The Settlement Agreement Before Filing Suit**

Even if the Court determines that it has jurisdiction to entertain Count II and that Burns has stated a viable claim for breach of contract, the complaint should be dismissed because Burns has failed to refute the claim in our opening brief that it did not satisfy the specific dispute resolution conditions before filing suit against the Government. The settlement agreement specifically provides that in the event Burns seeks to raise an issue of early discovery:

> (a) the Burns Business Manager shall raise the issue with the COE Project Manager; if they are unable to agree on a resolution of the issue, it shall be raised (b) to the District Engineer and CEO of Burns for discussion; if the issue is not settled at that level (c) the parties shall agree to mediate the dispute before a single mediator mutually selected by the COE and Burns with the mediation session to be held in Omaha, Nebraska. Anderson may be included in the mediation upon agreement by the CEO. In the event that the dispute is not resolved through mediation, Burns may bring an action under existing and available legal authorities.

Mot., A3, ¶ 3. Burns concedes that it did not comply with these specific provisions. Resp. at 7 ("[T]he [Government] is technically correct" that Burns "has not complied with the dispute resolution process contained in the parties' Settlement Agreement."). Nevertheless, Burns argues that its complaint states a viable claim for relief because it attempted to comply with the agreement. Burns's argument is unavailing.

As established in our opening brief, this Court may not grant Burns relief for breach of contract where the contract at issue provides its own mandatory dispute resolution procedures that Burns did not satisfy before filing suit. Mot., A3, ¶ 3 (if Burns "discovers information that, in its opinion, validates its position . . . that the damages that resulted from the error [could] have been substantially mitigated, it shall bring the matter to Dispute Resolution) (emphasis added).

Burns's response includes a number of documents discussing the various times Burns allegedly attempted to contact the Government regarding "early discovery." Even if the Court considers these documents and converts the motion to dismiss into a motion for summary judgment, it is clear that there remains no issue of material fact and, as a matter of law, judgment should be entered in favor of the Government because Burns did not comply with the conditions precedent in the parties' settlement agreement before filing suit. A review of each of the communications between the parties indicates all but two of them occurred after Burns circumvented the terms of the settlement agreement and filed suit against the Government and none of them satisfied the specific requirements for dispute resolution delineated in the settlement agreement.

Burns first argues that its counsel raised "early discovery" issues with the United States Army Corps of Engineers ("COE") when it forwarded a letter from Anderson's counsel, dated December 20, 2005, to the COE on April 13, 2006. Resp. at 8; Affidavit of Kenton E. Snow ("Snow Aff."), Resp., Exh. B, ¶ 2. Burns's response does not state that its Business Manager sent the letter to the COE's Project Manager as required by the settlement agreement's dispute resolution procedure. Rather, it indicates solely that Burn's attorney forwarded the letter to Gary Henningsen, counsel for the COE.[2] Accordingly, the act of Burns's attorney forwarding the letter to the COE's attorney did not satisfy the dispute resolution conditions in the agreement.

---

[2] Notably, the parties agreed to extend the period for Burns to "conduct and conclude its investigation of all issues that might give rise to dispute resolution" on three separate occasions after the letter was forwarded to Mr. Henningsen. Mot., A7-9. It follows therefore, that even after Burns's counsel sent this letter to Mr. Henningsen, Burns believed that it still needed to investigate issues that may lead to dispute resolution. It did not believe that its counsel forwarding the letter to Mr. Henningsen satisfied the dispute resolution procedures in the settlement agreement.

Next, Burns states that it attempted to "convince the [Government] to mediate the case" by communicating with counsel for the COE. Resp. at 8. Again, even taking these allegations as true, communications between Burns's attorney and the COE's attorney did not satisfy the dispute resolution procedures in the settlement agreement. Ultimately, there is absolutely no evidence that Burns raised, or attempted to raise, any "early discovery" issues with either the Project Manager or the District Engineer before filing suit against the Government.

The remaining communications detailed in Burns's response involve Burns's attempts to contact COE's employees <u>after</u> it filed suit against the Government. While Burns tries to frame the Government's responses to these communications as attempts to prevent Burns from complying with the terms of the agreement, Burns fails to recognize that it was <u>Burns</u>, not the Government, who elected to blatantly ignore the specific terms of the agreement by filing suit before engaging in the dispute resolution procedures. The agreement specifically states that Burns may bring an action only in the event that the dispute is not resolved through mediation. The Government's responses to Burns's post-filing communications merely informed Burns that it could not, in hindsight, attempt to comply with the agreement by contacting COE's employees. Accordingly, Burns has failed to establish that it complied with the specific and mandatory dispute resolution procedures set forth in the settlement agreement before filing suit against the Government. Its complaint should, therefore, be dismissed for failure to state a claim or, alternatively, judgment should be entered in favor of the United States.

## **<u>CONCLUSION</u>**

For these reasons, and the reasons set forth in our motion to dismiss, defendant respectfully requests that the Court dismiss the supplemental complaint.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

June 27, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 27th day of June, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN