# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **BURNS & McDONNELL ENGINEERING COMPANY, INC.,** Plaintiff, | * | |
| v. | * | No. 08-75C |
| **THE UNITED STATES,** | * | (Filed Aug. 8, 2008) |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

This case was transferred to the undersigned pursuant to RCFC 40.1(b) by order dated August 6, 2008. Pending for resolution since June 27, 2008, is defendant's motion to dismiss or for summary judgment. The undersigned transferee judge has reviewed the briefs and determines that supplemental briefing must address questions that the briefs, including the appendix materials, do not answer.

One issue is whether the court can compel mediation. Although the court cannot grant injunctive relief or specific performance to require a government agency to honor a contractual commitment to mediate, an action for breach of contract would appear to be sufficient to support a motion to compel the Government to mediate the dispute. See Tenaska Wash. Partners II, L.P. v. United States, 34 Fed. Cl. 434, 437 (1995). Upon a motion by the United States to enforce an arbitration agreement, this court issued a comprehensive opinion, as of late 1995, enforcing against a private party a binding commitment to arbitrate. As discussed in that opinion, the Department of Justice has taken the position that a government agency can commit to binding arbitration. Indeed, defendant so advocated.

Because defendant inadequately briefed the issue of whether the U.S. Army Corps of Engineers (the "Corps") bound itself to mediation, the court cannot rule on defendant's motion. The parties should update the legal authority on point to inform the court about any legal position announced by the Department of Justice with respect to enforcing contractual commitments by government agencies to submit to mediation. Defendant shall state whether

a stated policy encompasses or excludes agreements to mediate disputes and whether any statute or regulation speaks specifically to the authority of the Corps to commit to mediation.

Plaintiff has not substantiated its claim that it satisfied the requirement of the Settlement Agreement and Release dated April 13, 2005 (the "Settlement Agreement"), Def.'s Br. filed Apr. 25, 2008, at A3, to notify the Corps about facts concerning the timing of the Corps's knowledge of survey errors. The appendix material does not include plaintiff's letter, dated December 20, 2005, by which plaintiff (in the person of its Business Manager or his proxy) notified the Corps Project Manager of the investigation report in the December 20 letter from counsel for the surveyor Anderson Consulting Engineers ("Anderson"). See Pl.'s Br. filed May 27, 2008, ex. E at 3 (stating that plaintiff submitted letter from Anderson to Corps). If, as plaintiff argues, it can demonstrate that plaintiff submitted the information to the Project Manager, defendant would be hard pressed to contend, with a straight face and through an officer of the court, that plaintiff had failed to "raise the issue with the COE Project Manager." Settlement Agreement at A3. Once plaintiff had sued the United States by naming it in the Kansas federal district court proceeding, which defendant places at May 2, 2007, Def.'s Proposed Finding of Facts filed Apr. 25, 2008, ¶10, plaintiff no longer could invoke the mediation provision of the Settlement Agreement, nor could plaintiff perfect the first precondition to mediation. Plaintiff's correspondence submitted in Pl.'s Br. filed May 27, 2008, ex. E postdates May 2, 2007.

However, assuming that plaintiff had raised the issue with the Corps Project Manager prior to May 2, 2007, by notifying him about Anderson's report or otherwise informing the Corps of facts pertaining to the Corps's knowledge of the survey errors early enough to allow plaintiff to mitigate damages, plaintiff will have satisfied the first precondition to require mediation under the Settlement Agreement. The preconditions were drafted so miserably that raising the issue with the Project Manager can bear multiple meanings that do not require, for example, a meeting. Assuming that plaintiff notified the Corps Project Manager of Anderson's report or any other cogent information prior to May 2, 2007, and assuming further that the Corps did not respond to plaintiff, it is likely that plaintiff can demonstrate that pursuit of mediation would have been futile.

Plaintiff's complaint, if amended to plead a breach of contract to refund moneys paid pursuant to the Settlement Agreement, would state a valid breach of contract action. The amended complaint for breach of contract would plead that the Corps breached the agreement to mediate, thereby rendering futile any effort to pursue mediation by plaintiff, such that the Settlement Agreement permits plaintiff to bring "an action under existing and available authorities." See Settlement Agreement at A3. One assumes that this language remits plaintiff to a court of law. Plaintiff would plead that the Corps breached its duty to disclose

superior knowledge that would have enabled plaintiff to mitigate its damages. Plaintiff also could frame a cause of action based on the language of the preamble to the Settlement Agreement. See id. at A2 (second "Whereas" clause).

It would seem that the interest of prompt resolution of a facially legitimate dispute would be served by the parties' agreeing to dismissal without prejudice of plaintiff's complaint and pursuit of the mediation procedure contemplated by the Settlement Agreement. The court would deny without prejudice defendant's pending dispositive motion and enter its order of dismissal without prejudice, noting that filing fees for any new complaint would be waived and that the new complaint shall be assigned to the undersigned, who will enter an order expediting proceedings. Accordingly,

**IT IS ORDERED**, as follows:

1. By August 20, 2008, the parties may file a stipulation of dismissal without prejudice requesting entry of the order summarized above.

2. If no stipulation is filed, plaintiff shall file by August 20, 2008, a supplemental brief, not to exceed ten pages, submitting its documentary proof (by way of exhibit(s) or sworn statement(s)) that plaintiff (through its Business Manager or his proxy) submitted the Anderson report to the Corps Project Manager and addressing any other matter set forth above.

3. If plaintiff makes its filing pursuant to ¶ 2 above, defendant shall file by September 4, 2008, its supplemental responsive brief, not to exceed ten pages, addressing the matters set forth in this order, as well as those in plaintiff's supplemental brief.

s/ Christine O.C. Miller

________________________________

**Christine Odell Cook Miller**
Judge